JOSEPH CUMMINS, Appellant, *v.* MORNINGSIDE DRIVE CORPORATION, Respondent.

First Department, December 20, 1940.

*Victor Konow* of counsel [*Abraham C. Bein* with him on the brief; *Aaron H. Lerner*, attorney], for the appellant.

*J. Austin Lyons* of counsel [*Phillips & Ahearn*, attorneys], for the respondent.

PER CURIAM. Respondent, as owner of the apartment house, was obligated to furnish light for the inside stairways of the building. Appellant, a tenant, testified that he fell on a staircase due to the absence of illumination.

Section 40 of the Multiple Dwelling Law provides as follows: " Such light or lights shall be kept burning daily from sunset until sunrise, but if the same become extinguished and remain extin-

guished without the knowledge or consent of the owner he shall not be liable. The burden shall be upon the owner to show that said light or lights became and remained extinguished without the knowledge and consent of said owner or his agent. * * * " (Amd. by Laws of 1930, chap. 839, § 6, in effect April 28, 1930.)

In view of these provisions, we think the court, in the circumstances of this case, erred in charging the jury that the burden was upon appellant to show that the respondent had notice that the light on the stairway was out, and in refusing to charge the following request made by appellant: " I ask your Honor to charge that in the event that the light shall be out the burden shall be upon the owner to show that such light or lights remained extinguished without his knowledge and consent."

The statute imposed no greater burden upon appellant than to show that there was no light upon the stairway used by him and that he was injured by reason of the absence of the light. The charge of the court improperly shifted from respondent to the appellant the burden of establishing that the lights " became and remained extinguished without the knowledge and consent of said owner or his agent."

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, DORE and COHN, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.