■ HELEN MERMELSTEIN, Appellant, v. 417 RIVERSIDE DRIVE, INC., Respondent.— Judgment dismissing the complaint at the close of plaintiff's case, reversed on the law and a new trial granted, with $50 costs to appellant to abide the event. Plaintiff was injured while descending a stairway in a 16-story multiple dwelling at 417 Riverside Drive, Manhattan, which plaintiff had entered for the purpose of soliciting contributions from the tenants for a charitable organization. Defendant was charged with negligence in having failed to provide proper lighting as required by section 37 of the Multiple Dwelling Law. The trial court in dismissing the complaint ruled that plaintiff, being a bare licensee, did not come within the purview of those persons sought to be protected by section 37 and the owner owed plaintiff no other duty than to abstain from inflicting intentional, wanton or willful injury unless the owner maintained a hidden engine of destruction. Moreover, the trial court found that plaintiff had not made out a prima facie case in failing to prove notice. In our opinion, section 37 of the Multiple Dwelling Law may not be given so restrictive an interpretation. The statute does not in its terms, nor in evident policy, limit its protection to a specific class of individuals as contended by respondents. Considering the hazards inhering in stairways without lighting, the protection of the statute from a common-sense point of view, should be construed as a broad one, extending to any person likely to be injured by its violation. This extension of the application of the statute, of course, would not cover persons unlawfully on the premises. For the purpose of the determination of this appeal, our only concern is whether the plaintiff was lawfully on the premises on the date of the accident, and it is conceded that she was. Thus, we are not concerned with whether she was a licensee or invitee, or any of the subclassifications thereof. Any one in these categories might foreseeably be injured by a failure to supply the required lighting. There is enough confusion and conflict in the cases involving the duty of an owner to licensees and invitees without adding more unnecessary refinements not compelled by clear statutory language. (See *Kermerac* v. *Compagnie Generale Transatlantique,* 358 U. S.

624, 630.) Since plaintiff could properly invoke section 37, a prima facie case was made out when the proof showed that the light bulb on the hallway landing was out and that such condition was the proximate cause of the accident. Notice to the defendant was not a prerequisite to establish liability. (See *Smulczeski* v. *City Center of Music & Drama*, 3 N Y 2d 498; *Abrash* v. *Long Is. Univ.*, 22 A D 2d 940; *Cummins* v. *Morningside Drive Corp.*, 260 App. Div. 746.) Subdivision 2 of section 37 places the burden on the owner " to show that the light became and remained extinguished without his knowledge or consent". Thus, evidence of absence of notice or of any reason to believe that the burning out of the bulb was reasonably to be expected, can be offered in defense. Concur — Breitel, J. P., McNally, Stevens and Steuer, JJ. Valente, J., deceased.