■ ANNE L. CHANEY, Appellant, v ABYSSINIAN BAPTIST CHURCH, Respondent. [667 NYS2d 737] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about April 30, 1996, which granted defendant's motion for summary judgment dismissing the complaint in this slip-and-fall personal injury action, unanimously affirmed, without costs.

We agree with the IAS Court that to hold that defendant created a reasonably foreseeable hazard by providing an unsecured step stool for children to access a hallway water fountain would be to stretch the concept of foreseeability beyond acceptable limits. Certainly there is no evidence that defendant had actual notice of the water that had spilled in front of the fountain, or that the water was present for a sufficient length of time before the accident to permit defendant's employees to discover and remedy it, or that defendant had actual knowledge of any prior spillage of water in front of the fountain, or that spillage was an ongoing and recurring condition that was routinely left unaddressed (*cf.*, *O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106). Nor is an issue of fact as to defendant's notice of a recurring condition raised by plaintiff's unsupported assertion that it is common knowledge that children are careless and that water will splash from fountains. A mere " 'general awareness' " that some dangerous condition may be present is legally insufficient to constitute notice of a particular condition (*Piacquadio v Recine Realty Corp.*,

84 NY2d 967, 969). We have considered plaintiff's other contentions and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Andrias and Colabella, JJ.