■ LANNETTE ALLEN, Respondent, v BABERT V. BROOKS et al., Appellants. (And a Third-Party Action.) [668 NYS2d 373] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about August 14, 1996, which denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of the defendants-appellants dismissing the complaint.

Plaintiff worked for the third-party defendant Goodwill Industries, which leased offices on the eighth floor of the building owned and maintained by defendants. She allegedly slipped on some water as she walked past a drinking fountain in the hallway, sustaining various injuries.

The IAS Court erred in denying summary judgment since there was no showing that the defendants had actual or constructive notice of the accumulation of water on which plaintiff fell. Plaintiff asserted that she had seen water at the fountain before and claimed that the water stream had been misdirected for about a month before the accident. However, she had never notified defendants. Defendants' maintenance engineer also testified he observed "drops" of water just as one would "around any water fountain", "but not so much."

The plaintiff may establish constructive notice by evidence that an ongoing and dangerous condition existed in the area of the accident that was routinely left unaddressed (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 107). However, in a case involving a slip and fall on liquid accumulated on a terrazzo stair, the Court of Appeals noted that the mere " 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall * * * [and] liability could be predicated only on failure of defendants to remedy the danger presented by the liquid after actual or constructive notice of the condition." (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *see also, Gordon v American Museum of Natural History*, 67 NY2d 836.) There was no showing that the defendants had actual or constructive notice of the allegedly hazardous condition at the water fountain that caused plaintiff to slip and fall, and thus we dismiss the complaint. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.