■ LEILA GREEN, Individually and as Parent and Natural Guardian of ELIJAH GREEN, an Infant, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [776 NYS2d 52]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 19, 2003, which, in an action for personal injuries sustained by infant plaintiff in a slip and fall on a staircase in residential premises owned and managed by defendant, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

As plaintiff adduces no evidence showing how long the stairs had been wet and cluttered with paper debris, or that wetness and paper debris were recurring conditions routinely left unaddressed by defendant, no issues of fact are raised as to whether defendant had notice of the wetness and paper debris that allegedly caused plaintiff to slip and fall (*see Allen v Brooks*, 246 AD2d 438 [1998]; *Chaney v Abyssinian Baptist Church*, 246 AD2d 372 [1998], *lv denied* 92 NY2d 805 [1998]). Nevertheless, defendant's motion for summary judgment was properly denied on the ground that an issue of fact does exist as to whether inadequate lighting in the staircase, in violation of Administrative Code of the City of New York § 27-2039 (b) and Multiple Dwelling Law § 37, contributed to the accident. On that issue, the burden is not on plaintiff to show that defendant had notice, but on defendant to show that it lacked notice that the lights in the staircase were out (*see Santiago v New York City Hous. Auth.*, 268 AD2d 203 [2000]; *Mermelstein v 417 Riverside Dr.*, 25 AD2d 522, 523 [1966]). Assuming a prima facie showing of lack of notice was made out by defendant's evidence that its caretakers were required to replace burned-out bulbs as part of their regular maintenance of the staircases and that it had received no complaints of burned-out bulbs (*see Rivas v 525 Bldg. Co.*, 306 AD2d 337, 339 [2003]), plaintiff's testimony that the lights were out simultaneously on three floors permits inferences that the lights had been out for an extended period of time and that defendant's routine maintenance practices were not being followed. Concur—Tom, J.P., Saxe, Lerner, Marlow and Gonzalez, JJ.