■ JON P. BINH, Respondent-Appellant, v BAGLAND USA, INC., et al., Appellants-Respondents. [730 NYS2d 317] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about February 21, 2001, which denied defendant employ-

ers' motion for summary judgment insofar as directed to plaintiff employee's cause of action for breach of contract, and granted the motion insofar as seeking to dismiss plaintiff's causes of action for libel and slander, unanimously affirmed, without costs.

At deposition, plaintiff testified that the oral contract in issue was finalized on September 7, 1997, i.e., when he shook hands with the individual defendant, and guaranteed his employment until September 28, 1998, i.e., one year after he actually started work under the contract. This testimony was corrected by plaintiff in an errata sheet, provided approximately three months after his deposition and approximately seven months before defendants moved for summary judgment, stating that his employment was actually guaranteed only until September 6, 1998. Argument on the appeal assumes that the cause of action for breach of contract would be barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [1]) if plaintiff's original deposition testimony were credited, and would be viable if the errata sheet were credited (see, Whitehill v Maimonides School, 53 AD2d 568). The motion court, stating its preference for disposing of cases on the merits, properly exercised its discretion in forgiving plaintiff's slight delay in furnishing the errata sheet (see, CPLR 3116 [a]; 2004), and correctly ruled that the conflict between the original deposition testimony and the errata sheet raised an issue of credibility inappropriate for summary judgment treatment. Upon this record, plaintiff's deposition correction does not appear to be patently untrue or tailored to avoid the consequences of his earlier testimony, made as it was before defendants moved for summary judgment (see, Boyce v Vazquez, 249 AD2d 724, 725-726). The defamation causes of action were properly dismissed in the absence of evidence sufficient to raise an issue of fact as to publication (see, Barber v Daly, 185 AD2d 567, 569). Concur—Rubin, J. P., Saxe, Buckley, Friedman and Marlow, JJ.