(December 9, 2004)

■ WILLIAM MARCANO, Respondent, v CALVARY HOSPITAL, INC., Appellant. [786 NYS2d 49]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered March 13, 2003, which, upon plaintiff's motion pursuant to CPLR 3126 to sanction defendant for alleged spoliation of evidence, granted the motion to the extent of precluding defendant from offering evidence at trial regarding the manner in which plaintiff's accident occurred, and to the further extent of resolving the issue of liability in favor of plaintiff, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied.

Plaintiff, a deliveryman, fell from a lift at defendant's loading dock in February 2001, and, in October 2001, commenced this negligence action seeking damages for his resulting injuries. Defendant's security captain, Roy Evelyn, testified at his deposition in March 2002 that the security camera monitoring the loading dock had videotaped "some of" the subject incident, but Evelyn also testified that the tape of the incident had been erased after three months in the normal course of defendant's business.

In June 2002, plaintiff moved to sanction defendant for destroying the tape of the incident to which Evelyn had referred. In opposing the motion, defendant submitted an errata sheet, sworn to July 24, 2002, in which Evelyn changed his testimony to a denial that the security camera would have filmed any of the subject incident. Evelyn also submitted an affidavit stating the reasons for the change, as required by CPLR 3116 (a), in which he explained that, in reviewing the deposition transcript, he "realized that [he] had incorrectly testified that there was a security camera at the loading dock which would have filmed the lift where [plaintiff's] accident occurred." In fact, Evelyn represented, the camera in question "does not cover any portion of the lift where [plaintiff's] alleged accident occurred." Evelyn further explained that, pursuant to defendant's regular practice of "eras[ing] all security tapes unless the tape itself captures an incident and/or accident occurring," the tape made by the camera on the day of the incident had been erased "[a]s [it] could not have possibly captured [plaintiff's] accident." The motion court nonetheless granted the sanctions motion to the extent indicated.

We reverse. The existing record presents a triable issue as to whether any spoliation of evidence actually occurred, and that issue should be submitted to the jury at trial (see PJI 1:77, 1:77.1 [2004]). In this regard, we note that, if Evelyn's correction of his deposition testimony is credited, it follows that no

spoliation occurred, since a tape not showing any part of the subject incident would not constitute "matter material and necessary in the prosecution or defense of [this] action" (CPLR 3101 [a]). It is for the jury to determine, after being appropriately instructed, whether Evelyn's correction of his testimony (which does not appear to be patently false) is credible, and, if the correction is found not credible, to determine the inferences to be drawn from that finding (see Cillo v Resjefal Corp., 295 AD2d 257 [2002]; Binh v Bagland USA, 286 AD2d 613, 614 [2001]). While the point is not determinative, we note that whether the incident would have been captured from the camera's vantage point is a matter that apparently could have been ascertained by an inspection of the premises, which plaintiff apparently did not seek. Finally, under the circumstances, we deem it appropriate to exercise our discretion to excuse any brief untimeliness in the correction of Evelyn's testimony, or in the submission of the statement of reasons for such correction (CPLR 2004; see Binh v Bagland USA, supra). Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.