■ CHRISTOPHER COLEMAN, Respondent-Appellant, v PUTNAM HOSPITAL CENTER et al., Appellants-Respondents, et al., Defendant. [903 NYS2d 502]—

In an action, inter alia, to recover damages for medical malpractice, (1) the defendants Marcel Goldberger and Obstetrical & Gynecological Associates of Putnam, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated September 8, 2008, as denied that branch of their motion which was for summary

judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied those branches of his cross motion which were to strike the answer of those defendants on the ground of spoliation of evidence and for an inquest on damages, and (2) the defendant Putnam Hospital Center separately appeals, as limited by its brief, from so much of an order of the same court, also dated September 8, 2008, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion to strike that defendant's answer on the ground of spoliation of evidence and for an inquest on damages.

Ordered that the first order dated September 8, 2008, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the second order dated September 8, 2008, is modified, on the law, by deleting the provision thereof denying the plaintiff's cross motion to strike the answer of the defendant Putnam Hospital Center on the ground of spoliation of evidence and for an inquest on damages, and substituting therefor provisions (1) granting that cross motion only to the extent of directing that an adverse inference charge be given at trial with respect to the fetal heart monitor data, and otherwise denying that cross motion, and (2) directing that the adverse inference charge shall instruct as follows: ''The defendant Putnam Hospital Center was required by the law of this state to maintain the fetal heart monitor strips and failed to do so without adequate explanation. Accordingly, in weighing the evidence, you may, although you are not required to, infer that the fetal heart monitor strips would not have supported the defendant Putnam Hospital Center on the question of whether the plaintiff had fetal heart decelerations and/or variability and would not contradict the evidence offered by the plaintiff on that question, and you may, although you are not required to, draw the strongest inference against the defendant Putnam Hospital Center on that question which the opposing evidence permits''; as so modified, the second order dated September 8, 2008, is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings consistent herewith; and it is further,

Ordered the plaintiff is awarded one bill of costs payable by the defendant Putnam Hospital Center.

Christopher Coleman, by his mother and natural guardian,

Mary Ann Coleman, commenced this action against, among others, the defendant Putnam Hospital Center (hereinafter the Hospital) and the defendants Marcel Goldberger and Obstetrical & Gynecological Associates of Putnam, P.C., to recover damages for injuries allegedly sustained at the time of his birth, during labor and delivery, due to oxygen deprivation. The plaintiff alleged in his bill of particulars that the defendants were negligent, inter alia, in failing to properly diagnose fetal distress. The nurses' notes indicate decelerations in fetal heart rate at various times during the course of labor. At six months of age, the plaintiff underwent surgery for hydrocephalus. He was later diagnosed with certain cognitive deficits, which, he contends, were caused by oxygen deprivation at the time of labor and delivery.

The record establishes that the Hospital failed to preserve the fetal monitor strips generated in connection with the plaintiff's birth, in violation of 10 NYCRR 405.10 (a) (4). Goldberger testified at his deposition that he did not know the whereabouts of the fetal heart monitor strips, and that it was not his custom and practice to maintain a copy of the strips in his private office.

The plaintiff claims that the fetal monitor strips constitute crucial evidence without which he is unable to prove his case and that only the remedy of striking the respondents' answers will ameliorate the prejudice caused by spoliation. Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, thereby depriving the nonresponsible party of the ability to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading (see Denoyelles v Gallagher, 40 AD3d 1027 [2007]; Baglio v St. John's Queens Hosp., 303 AD2d 341, 342 [2003]; DiDomenico v C & S Aeromatik Supplies, 252 AD2d 41, 53 [1998]; Squitieri v City of New York, 248 AD2d 201, 202 [1998]). Here, because the hospital chart contains nurses' notations specifying the fetal heart rate at certain times during the course of labor, the plaintiff failed to clearly establish that the unavailability of the fetal heart monitoring data " 'fatally compromised [his] ability' " to prosecute this action (Gotto v Eusebe-Carter, 69 AD3d 566, 568 [2010], quoting Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 718 [2009]; see Dessources v Good Samaritan Hosp., 65 AD3d 1008 [2009]; Weber v Harley-Davidson Motor Co., Inc., 58 AD3d 719, 722 [2009]). However, because the Hospital failed to offer any excuse for its failure to preserve the fetal monitor strips in violation of 10 NYCRR 405.10 (a) (4), the Supreme Court should have granted the

plaintiff's cross motion to the extent of directing that an adverse inference charge be given at trial with respect to the fetal heart monitor data (*see Dennis v City of New York*, 18 AD3d 599, 600 [2005]; *Barahona v Trustees of Columbia Univ. in City of N.Y.*, 16 AD3d 445 [2005]; *Allstate Ins. Co. v Kearns*, 309 AD2d 776 [2003]).

Here, because the absence of the fetal heart monitor strips places the plaintiff at a significant disadvantage in proving his claim that he suffered from oxygen deprivation, the plaintiff is entitled to an adverse inference charge at trial with respect to the fetal heart monitor strips in accordance with our directive herein (*see Gotto v Eusebe-Carter*, 69 AD3d 566 [2010]; *Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894 [2009]; *Barone v City of New York*, 52 AD3d 630, 631 [2008]).

The Supreme Court properly denied that branch of the plaintiff's cross motion which was to strike the answer of the defendants Marcel Goldberger and Obstetrical & Gynecological Associates of Putnam, P.C. (hereinafter together Goldberger), as the record reveals that Goldberger had no responsibility for maintaining the fetal heart monitor strips.

With respect to the summary judgment motions, the Hospital and Goldberger each made a prima facie showing that neither of them departed from accepted medical practice. However, in opposition, the plaintiffs submitted the affirmation of an expert, Dr. Don Sloan, who stated, inter alia, that medical records indicated that fetal heart monitoring showed that there were times of decelerations and variability which, "may at times, hallmark oxygen deprivation to the infant during the labor and delivery process." This affidavit, together with the absence of the fetal heart monitor strips, requires us, under these particular circumstances, to find that there are triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Adjetey v New York City Health & Hosps. Corp.*, 63 AD3d 865 [2009]; *Shields v Baktidy*, 11 AD3d 671, 672 [2004]; *Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624 [2003]). Accordingly, the separate motions of the Hospital and Goldberger for summary judgment dismissing the complaint were properly denied. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.