■ KAREN KRIN, Respondent, v LENOX HILL HOSPITAL, Defendant, and THOMAS ROMO, III, et al., Appellants. [931 NYS2d 65]—

The court properly exercised its discretion in directing that a missing document charge be given at the end of the trial in this case. While the record presents questions about whether the pertinent document, a cosmetic operative report which defendants failed to turn over to plaintiff, ever existed in their file, there exists sufficient evidence from which a reasonable person could conclude that defendant's dictation of this report was transcribed and was, at one time, in his file. Defendant, Thomas Romo, admits that he dictated the document for transcription, and the functional operative report from the same operation was discovered in his file. Thus, the issue as to whether any spoliation of evidence actually occurred should be presented to the jury, along with the inferences to be drawn therefrom (*see Marcano v Calvary Hosp., Inc.*, 13 AD3d 109 [2004]). Defendants will then be permitted to argue to the jury that the document either never existed in his file, is irrelevant to the issue of this case, that other documents cover the same information, or any other issue he believes will persuade the jury that no adverse inference is warranted. Under the circumstances of this case, the court's sanction was "appropriately tailored to achieve a fair result" (*Balaskonis v HRH Constr. Corp.*, 1 AD3d 120, 121 [2003] [internal quotation marks and citation omitted]). Concur—Tom, J.P., Saxe, Moskowitz and DeGrasse, JJ. **[Prior Case History: 2011 NY Slip Op 30559(U).]**