■ ESTHER ZERNITSKY et al., Respondents, v NANCY SHURKA et al., Appellants. [941 NYS2d 848]—In an action to permanently enjoin the defendants from selling or otherwise alienating certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated January 3, 2011, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Nancy Shurka.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether proper service of process was made upon the defendant Nancy Shurka and, thereafter, for a new determination of that branch of the defendants' motion

which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Nancy Shurka.

Under the particular circumstances of this case, including the fact that the plaintiffs had an opportunity to respond to a reply affidavit submitted by the defendant Nancy Shurka, and to submit papers in surreply, Nancy Shurka's reply affidavit should have been considered (*see Turturro v City of New York*, 77 AD3d 732, 734-735 [2010]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 778 [2010]; *Valure v Century 21 Grand*, 35 AD3d 591, 592 [2006]; *Hoffman v Kessler*, 28 AD3d 718, 718-719 [2006]; *Guarneri v St. John*, 18 AD3d 813, 814 [2005]). Considering that affidavit, for the same reason that the Supreme Court directed a hearing as to whether proper service of process was made upon the defendant Melanie Shurka, who allegedly was served at the same time and in the same manner as Nancy Shurka, the defendants were entitled to a hearing on the issue of whether proper service of process was made upon Nancy Shurka. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether proper service of process was made upon the defendant Nancy Shurka and, thereafter, for a new determination of that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Nancy Shurka.

In light of our determination, we need not reach the defendants' remaining contentions. Skelos, J.P., Eng, Belen and Cohen, JJ., concur.