Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 25, 2013, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff commenced this action on behalf of her 14-year-old *571 granddaughter, who was sexually assaulted by her ex-boyfriend in a building owned by defendant. Viewed in the light most favorable to plaintiff, the evidence raises issues of fact whether the assailant was an intruder, whether he gained access to the building as a result of a broken lock at the front entrance door, and whether the assault was foreseeable (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550-551 [1998]). The granddaughter testified that the assailant followed her into the building through the front door, but she gave conflicting testimony as to the amount of time that elapsed between her entry and her assailant’s. It is undisputed that the front entrance lock was not working on the date of the assault. It is also undisputed that, when the lock worked, the door took approximately 10 to 12 seconds to close and re-lock.
Contrary to defendant’s contention as to the requirements of the law, the evidence of a history of assaults in the building and the building superintendent’s testimony that he sometimes heard from some residents about criminal activity on the roof, where the assault took place, raises an issue of fact whether defendant’s alleged negligence in securing access to the roof was a proximate cause of plaintiff’s granddaughter’s injuries (see Jacqueline S. v City of New York, 81 NY2d 288, 293-294 [1993]).
The evidence thus precludes a finding that the assailant’s actions were extraordinary and unforeseeable, so as to sever any causal relationship between defendant’s alleged negligence in failing to ensure that the front entrance locks were functioning properly and the assault on plaintiffs granddaughter.
The motion court properly excused plaintiffs brief delay in submitting a signed transcript of her granddaughter’s deposition testimony and providing defendant with the errata sheet (see Binh v Bagland USA, 286 AD2d 613 [1st Dept 2001]). The corrections in the errata sheet raise issues of credibility that cannot be resolved on a motion for summary judgment (see id.).
We have considered defendant’s remaining contentions and find them unavailing. Concur — Renwick, J.R, Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ. [Prior Case History: 2013 NY Slip Op 31664(U).]