■ ANTHONY S. PENNACHIO, SR., Appellant-Respondent, v COSTCO WHOLESALE CORPORATION, Respondent-Appellant. [990 NYS2d 54]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated December 5, 2012, as granted his motion to strike the defendant's answer on the ground of spoliation of evidence only to the extent of, in effect, directing that an adverse inference charge be given against the defendant at trial, and the defendant cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as granted the plaintiff's motion to strike its answer on the ground of spoliation of evidence to the extent of, in effect, directing that an adverse inference charge be given against it at trial.

Ordered that the order is modified, on the law and on the facts, by adding a provision thereto directing that an adverse inference charge be given against the defendant at trial only if the jury credits the opinion of the plaintiff's expert that she could have determined how long the subject jar had been broken by analyzing the mold inside of it; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

The plaintiff allegedly was injured when he reached for a shrink-wrapped, glass jar of olives on a shelf in a store owned by the defendant which, unbeknownst to him, was broken. The defendant originally retained the subject jar and marked it as

"evidence" not to be discarded. However, according to the defendant, the jar was later discarded inadvertently. After commencing this personal injury action against the defendant, the plaintiff demanded production of the subject jar and, due to its unavailability, moved to strike the defendant's answer on the ground of spoliation of evidence.

In support of his motion, the plaintiff submitted an affidavit from an expert, averring that examination of the subject jar, which had contained mold at the time of the accident, would have enabled her to render an opinion regarding the length of time the jar had been broken. Specifically, she opined that she could determine the age of the mold, and thus, the amount of time the contents of the jar had been exposed to oxygen. The plaintiff contended that this evidence was vital to his ability to prove that the defendant had constructive notice of the allegedly dangerous condition of the jar (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986] ["To constitute constructive notice, a defect . . . must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it"]). In opposition, the defendant submitted an affidavit from an expert disputing the ability of the plaintiff's expert to reach an accurate conclusion as to when the jar broke without the jar having been kept, before and after the accident, in a controlled environment.

The Supreme Court granted the motion only to the extent of, in effect, directing that an adverse inference charge be given against the defendant at trial.

"Under the common-law doctrine of spoliation, 'when a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading' " (*Jennings v Orange Regional Med. Ctr.*, 102 AD3d 654, 655 [2013], quoting *Denoyelles v Gallagher*, 40 AD3d 1027, 1027 [2007]; *see Coleman v Putnam Hosp. Ctr.*, 74 AD3d 1009, 1011 [2010]). " 'Recognizing that striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness' " (*Jennings v Orange Regional Med. Ctr.*, 102 AD3d at 655-656, quoting *Iannucci v Rose*, 8 AD3d 437, 438 [2004]). "[A] less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case" (*Denoyelles v Gallagher*, 40 AD3d at 1027; *see Jamindar v Uniondale Union Free School Dist.*, 90 AD3d

610 [2011]; *Gerber v Rosenfeld*, 18 AD3d 812 [2005]; *Deveau v CF Galleria at White Plains, LP*, 18 AD3d 695, 696 [2005]).

Initially, contrary to the defendant's contention on its cross appeal, the Supreme Court did not err in considering the expert affidavit submitted by the plaintiff in a surreply, which he was granted leave to file, since the defendant had an opportunity to respond and filed a surreply, including its own expert affidavit (*see Hanscom v Goldman*, 109 AD3d 964, 965 [2013]; *Zernitsky v Shurka*, 94 AD3d 875, 876 [2012]; *Turturro v City of New York*, 77 AD3d 732, 734 [2010]; *Guarneri v St. John*, 18 AD3d 813 [2005]).

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in declining to strike the defendant's answer based upon its loss of the subject jar, because the plaintiff failed to show sufficient prejudice to justify that drastic remedy. Even assuming that the plaintiff could have determined how long the jar had been broken by analyzing the mold inside the jar two years after the incident, the plaintiff has other available means of attempting to prove the defendant's constructive notice of the dangerous condition. Here, the plaintiff contends that photographs of the glass jar taken shortly after the incident depicted mold inside the jar, and the defendant's witness testified at a deposition about such mold. Thus, as relevant to the issue of constructive notice, the plaintiff could elicit an opinion from his expert as to how long it would take for any mold at all to form inside the jar. Therefore, the defendant's failure to preserve the jar did not "fatally compromise[ ]" the plaintiff's ability to prove his case (*Gotto v Eusebe-Carter*, 69 AD3d 566, 568 [2010] [internal quotation marks omitted]; *see Jennings v Orange Regional Med. Ctr.*, 102 AD3d at 656; *Coleman v Putnam Hosp. Ctr.*, 74 AD3d at 1011; *Denoyelles v Gallagher*, 40 AD3d at 1027; *Favish v Tepler*, 294 AD2d 396 [2002]).

Addressing the defendant's cross appeal, as the defendant observes, the plaintiff did not request production of the subject jar until well after commencing the subject action. However, under the circumstances of this case, the defendant was on notice of the potential need for the evidence in future litigation. In that respect, the defendant's witness testified that he retained the jar and marked it as "evidence" not to be thrown away, thus demonstrating the defendant's notice (*see Jamindar v Uniondale Union Free School Dist.*, 90 AD3d at 611; *see also Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]; *Lentz v Nic's Gym, Inc.*, 90 AD3d 618 [2011]; *Laskin v Friedman*, 90 AD3d 617 [2011]).

While the lesser sanction of an adverse inference may be appropriate for spoliation of the subject jar (*see Jennings v Orange Regional Med. Ctr.*, 102 AD3d at 656; *Mendez v La Guacatala, Inc.*, 95 AD3d 1084, 1085 [2012]; *Coleman v Putnam Hosp. Ctr.*, 74 AD3d 1009 [2010]; *Molinari v Smith*, 39 AD3d 607 [2007]), under the circumstances of this case, an issue of fact exists as to whether spoliation of relevant evidence occurred. The sanction of an adverse inference for spoliation of evidence is not warranted when the evidence destroyed is not relevant to the ultimate issues to be determined in the case (*see Matter of Eno*, 196 App Div 131, 162-164 [1921]). As noted above, the plaintiff submitted an expert affidavit averring that she could have determined how long the jar had been broken by analyzing the mold contained in the jar, and the defendant submitted an expert affidavit disputing that such a conclusion could have been reached. If the opinion of the defendant's expert were credited, then an adverse inference would not be warranted, because the lost evidence would not have been relevant to the plaintiff's case (*see Marcano v Calvary Hosp., Inc.*, 13 AD3d 109, 110-111 [2004]). Thus, this issue of fact should be placed before the jury, along with the inferences to be drawn therefrom (*see Krin v Lenox Hill Hosp.*, 88 AD3d 597 [2011]; *Marcano v Calvary Hosp., Inc.*, 13 AD3d at 110-111; *Lawrence Ins. Group v KPMG Peat Marwick*, 5 AD3d 918 [2004]; *see also* PJI 1:77.1). The jury should be instructed that, if it credits the opinion of the defendant's expert that no conclusion could have been reached with reasonable certainty regarding how long the jar had been broken by analyzing the mold contained in the jar, then no adverse inference should be drawn against the defendant. On the other hand, the jury should be advised that, if it credits the opinion of the plaintiff's expert that she could have determined how long the jar had been broken by analyzing the mold inside, then it would be permitted to draw an adverse inference against the defendant (*see Krin v Lenox Hill Hosp.*, 88 AD3d at 597; *Marcano v Calvary Hosp., Inc.*, 13 AD3d at 110-111; *Lawrence Ins. Group v KPMG Peat Marwick*, 5 AD3d 918 [2004]). Skelos, J.P., Lott, Roman and Cohen, JJ., concur.