■ MARIE LILAVOIS et al., Appellants, v JP MORGAN CHASE AND COMPANY et al., Respondents. [54 NYS3d 664]—

Appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered June 8, 2015. The order, insofar as appealed from, granted that branch of the plaintiffs' cross motion which was to strike the answer of the defendant JP Morgan Chase and Company on the ground of spoliation of evidence only to the extent of directing that an adverse inference charge be given against that defendant at trial with respect to surveillance video of the underlying incident if the jury does not credit testimony of that defendant's witness that no surveillance video existed for the subject location.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action to recover damages for personal injuries, etc., the injured plaintiff allegedly slipped and fell on a watery substance on the floor of an ATM vestibule of a branch of the defendant JP Morgan Chase and Company (hereinafter Chase). The ATM vestibule purportedly contained multiple security cameras. After Chase failed to produce requested surveillance video of the subject incident, the plaintiffs cross-moved, inter alia, to strike Chase's answer on the ground of spoliation of evidence. In opposition to the cross motion, Chase submitted an affidavit of one of its employees, who averred that she conducted a search for requested surveillance video of the incident and determined that no such surveillance video existed for the subject location. The Supreme Court determined that Chase was on notice of its obligation to preserve the surveillance video, and that the video footage was critical to the issues of actual and constructive notice of the condition. However, the court determined that the affidavit from Chase's employee raised a triable issue of fact as to whether any spoliation of ev-

idence occurred. The court granted that branch of the plaintiffs' cross motion which was to strike Chase's answer on the ground of spoliation of evidence only to the extent of directing that an adverse inference charge be given against Chase at trial if the jury does not credit testimony of Chase's witness that no surveillance video existed for the subject location. The plaintiffs appeal.

"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (*Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 26 NY3d 543, 547 [2015] [internal quotation marks omitted]; *see Golan v North Shore-Long Is. Jewish Health Sys., Inc.*, 147 AD3d 1031, 1032 [2017]; *VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33, 45 [2012]). The Supreme Court is empowered with broad discretion in determining the appropriate sanction for spoliation of evidence (*see* CPLR 3126; *Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 26 NY3d at 551; *Giuliano v 666 Old Country Rd., LLC*, 100 AD3d 960, 962 [2012]).

Here, contrary to the plaintiffs' contention, the Supreme Court properly determined that the affidavit of Chase's employee raised a triable issue of fact as to whether spoliation of the surveillance video occurred (*see Krin v Lenox Hill Hosp.*, 88 AD3d 597 [2011]; *Gogos v Modell's Sporting Goods, Inc.*, 87 AD3d 248, 255 [2011]; *Marcano v Calvary Hosp., Inc.*, 13 AD3d 109, 110-111 [2004]). Accordingly, the court providently exercised its discretion in granting that branch of the plaintiffs' cross motion which was to strike Chase's answer on the ground of spoliation of evidence only to the extent of directing that an adverse inference charge be given against Chase at trial with respect to surveillance video of the underlying incident if the jury does not credit testimony of Chase's witness that no surveillance video existed for the subject location (*see Pennachio v Costco Wholesale Corp.*, 119 AD3d 662, 665 [2014]; *Krin v Lenox Hill Hosp.*, 88 AD3d 597 [2011]; *Marcano v Calvary Hosp., Inc.*, 13 AD3d at 110-111; *see also* PJI 1:77.1).

The plaintiffs' remaining contention is without merit. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.