Sarris v Fairway Group Plainview, LLC (2019 NY Slip Op 00922)





Sarris v Fairway Group Plainview, LLC


2019 NY Slip Op 00922


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2016-05179
 (Index No. 11166/13)

[*1]Eileen Sarris, respondent, 
v
Fairway Group Plainview, LLC, appellant, et al., defendants (and a third-party action).


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellant.
Vaccaro Payne, LLP, Forest Hills, NY (Steven R. Vaccaro of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Fairway Group Plainview, LLC, appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered April 7, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose sanctions against the defendant Fairway Group Plainview, LLC, for spoliation of evidence to the extent of directing that a negative inference charge be given at trial against that defendant with respect to certain missing surveillance camera footage.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose sanctions against the defendant Fairway Group Plainview, LLC, for spoliation of evidence is denied.
On December 24, 2012, the plaintiff allegedly was injured after she slipped and fell on ice in a parking lot outside of a store operated by the defendant Fairway Group Plainview, LLC (hereinafter Fairway). According to the plaintiff's bill of particulars, the accident occurred approximately five to seven feet from a sidewalk that directly abutted the entrance and exit of the store. On January 3, 2013, upon learning that the accident had been captured on a surveillance video, counsel for the plaintiff sent a letter to Fairway requesting that it preserve "any and all video footage depicting the location of my client's accident." On June 3, 2013, in response to the plaintiff's pre-action proceeding to compel disclosure of the footage, the Supreme Court, inter alia, directed Fairway "to preserve such footage of the incident, including the 24 hours preceding same."
After the plaintiff commenced this action, she obtained a court order directing Fairway to disclose, inter alia, the video footage from 10:00 p.m. on December 23, 2012, through the time of the accident. In response, Fairway provided video footage from one camera depicting the accident, including the 10 hours preceding the accident.
Fairway's security manager subsequently testified at his deposition that, shortly after the accident, he reviewed footage from four outdoor cameras that depicted different locations outside [*2]the front of the store, and one camera inside the vestibule of the store that depicted the interior of the vestibule. The security manager testified that the four outdoor cameras were positioned to show, respectively, the "left," "center," and "right" areas of the parking lot and the entrance and exit of the store, and that only the camera positioned to show the entrance and exit had captured the accident. The security manager testified that he preserved the footage from that camera, and that the footage from the remaining cameras was automatically overwritten after approximately 30 days.
The plaintiff then moved, inter alia, pursuant to CPLR 3126 to impose sanctions on Fairway for spoliation of evidence. The plaintiff argued that the footage from the additional cameras was necessary to establish her prima facie case. The Supreme Court granted the plaintiff's motion to the extent of directing that a negative inference charge be given against Fairway at trial. Fairway appeals.
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that a trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica, S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Lilavois v JP Morgan Chase & Co., 151 AD3d 711, 712). "The Supreme Court is empowered with broad discretion in determining the appropriate sanction for spoliation of evidence" (Lilavois v JP Morgan Chase & Co., 151 AD3d at 712). "We should substitute our judgment for that of the Supreme Court only if its discretion was exercised improvidently" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629).
The Supreme Court improvidently exercised its discretion in imposing sanctions against Fairway. The plaintiff's January 3, 2013, letter specifically requested that Fairway preserve "any and all video footage depicting the location of my client's accident." Ten hours of video footage depicting the exact location of the accident before the fall occurred, including footage of the accident itself, were preserved by Fairway and subsequently disclosed to the plaintiff. The plaintiff did not initially request that video footage of other locations also be preserved, so Fairway was not on notice that such footage might be needed for future litigation (see Tanner v Bethpage Union Free School Dist., 161 AD3d 1210; Golan v North Shore Long Island Jewish Health System, Inc., 147 AD3d 1031, 1033-1034; Duluc v AC & L Food Corp., 119 AD3d 450, 453). In addition, the plaintiff has not established that the absence of such footage deprived her of the ability to prove her case (see Watson v 518 P. Hous. Dev. Fund Corp., 160 AD3d 907, 910; Jackson v Whitson's Food Corp., 130 AD3d 461, 463). Under these circumstances, the plaintiff did not establish that sanctions against Fairway were warranted (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; Jackson v Whitson's Food Corp., 130 AD3d at 463; Duluc v AC & L Food Corp., 119 AD3d at 453).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose sanctions against Fairway for spoliation of evidence.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court