Phelps-Vachier v Genovese Drug Stores, Inc. (2022 NY Slip Op 04571)

Phelps-Vachier v Genovese Drug Stores, Inc.

2022 NY Slip Op 04571

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2019-14397
 (Index No. 610340/18)

[*1]Michele Phelps-Vachier, appellant, 
v
Genovese Drug Stores, Inc., et al., respondents (and a third-party action).

Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Amit Sondhi, Michael E. Bergman, and Julie R. Mark of counsel), for appellant.
Raven & Kolbe, LLP, New York, NY (Michael T. Gleason of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated November 21, 2019. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of evidence.
ORDERED that the order is modified, on the law and in the exercise of discretion, by adding thereto the words "without prejudice to renewal upon completion of discovery" following the words "the motions are denied" contained in the last paragraph thereof; as so modified, the order is affirmed insofar as appealed from, with costs to the respondents.
On April 16, 2018, the plaintiff allegedly was injured when she slipped and fell inside a Rite Aid Pharmacy owned by the defendants. The following day, April 17, 2018, counsel for the plaintiff sent a preservation notice to the defendants requesting that they preserve video surveillance footage of the area where the subject accident occurred "for the time period of 3 hours before and two hours after the accident." The defendants preserved approximately 35 minutes of video footage, commencing 12 seconds prior to the accident. The plaintiff moved pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of the video surveillance evidence. The defendants opposed the motion on the grounds that their failure to preserve the requested footage was inadvertent and the absence of such footage did not deprive the plaintiff of the ability to prove her case. By order dated November 21, 2019, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
"'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that a trier of fact could find that the evidence would support that claim or defense'" (Sarris v Fairway Group Plainview, LLC, 169 AD3d 734, 736, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (Hirschberg v Winthrop-University Hosp., 175 AD3d 556, 557 [internal quotation marks omitted]). "'[I]f the [*2]evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed [evidence was] relevant to the party's claim or defense'" (Luzuriaga v FDR Servs. Corp., 189 AD3d 817, 818, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547-548 [internal quotation marks omitted]). "'The Supreme Court is empowered with broad discretion in determining the appropriate sanction for spoliation of evidence'" (Halcyon Constr. Corp. v Strong Steel Corp., 199 AD3d 898, 900, quoting Sarris v Fairway Group Plainview, LLC, 169 AD3d at 736; see CPLR 3126; Lilavois v JP Morgan Chase & Co., 151 AD3d 711, 712). "We should substitute our judgment for that of the Supreme Court only if its discretion was exercised improvidently" (Sarris v Fairway Group Plainview, LLC, 169 AD3d at 736 [internal quotation marks omitted]).
Here, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of the additional videotape footage. While the plaintiff correctly contends that the defendant possessed an obligation to preserve the entire requested portion of the surveillance video, she failed to demonstrate that the absence of videotape footage depicting the three hours prior to the accident time deprived the plaintiff of her ability to prove her claim (see Hirschberg v Winthrop-University Hosp., 175 AD3d at 557; Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 969; Watson v 518 Pa. Hous. Dev. Fund Corp., 160 AD3d 907, 909-910). However, under the circumstances of this case, and in view of the fact that discovery has not yet been completed in this case, we modify the denial by making it without prejudice to renewal upon the completion of discovery (see Philadelphia Indem. Ins. Co. v AMI Dev., LLC, 111 AD3d 689).
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court