Children's Magical Garden, Inc. v Marom (2023 NY Slip Op 05464)

Children's Magical Garden, Inc. v Marom

2023 NY Slip Op 05464

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 654960/19 Appeal No. 925 Case No. 2022-04750 

[*1]Children's Magical Garden, Inc., Plaintiff-Respondent,
v
David Marom, Individually, and David Marom as President of The Horizon Group, Defendants-Appellants.

Levy Goldenberg LLP, New York (Andrew Goldenberg of counsel), for appellants.
Bleichmar Fonti & Auld LLP, New York (Benjamin F. Burry of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about October 5, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for an adverse inference charge as a sanction for spoliation of evidence, unanimously modified, on the law and the facts, to delete the adverse inference charge as specified, and remand the matter for a new adverse inference charge in accordance herewith, and otherwise affirmed, without costs.
Upon its determination that defendants' spoliation of evidence amounted to gross negligence, the court directed that the jury be instructed that "had the evidence been preserved the evidence would have been against defendants' position that [defendant] Marom and/or his workers did not cut down branches or trees or inserted rotting garbage in the barriers on [plaintiff's] property." This adverse inference charge is inappropriate because it "requires, rather than permits, the jury to draw an adverse inference" (Temiz v TJX Cos., Inc., 178 AD3d 620, 621 [1st Dept 2019]). In any event, because the conflicting testimony in the record raises questions concerning the existence of the purportedly spoliated evidence, the issues of whether any spoliation had occurred and whether any adverse inference is warranted should be presented to the jury in the first instance (see Krin v Lenox Hill Hosp., 88 AD3d 597, 597 [1st Dept 2011]; Lilavois v JP Morgan Chase & Co., 151 AD3d 711, 712 [2d Dept 2017]).
We decline to consider defendants' request for a hearing on the motion and their defense of laches, which are improperly raised for the first time on appeal.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023