■ JILLIAN BAUMAN et al., Respondents, v HOMEFIELD BOWL, INC., Appellant. [784 NYS2d 98]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered January 30, 2004, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

At a bowling birthday party held at defendant's facility, infant plaintiff, then five years of age, was injured when she slipped and fell on the approach to one of the bowling lanes while holding a bowling ball. Although infant plaintiff testified four years later at an examination before trial that she did not see any water or snow or ice on the lane or on the shoes of the other bowlers, plaintiffs submitted, in opposition to defendant's motion, an affidavit from a nonparty witness. This detailed affidavit set forth not only the affiant's observation of a hazardous accumulation of water, but her conversation with defendant's employee concerning the hazardous condition. The affidavit, viewed most favorably to plaintiffs, clearly permits the conclusion that defendant knew or should have known of the alleged condition of the bowling lanes and nevertheless failed to correct

it (*see e.g. Spitzer v 2166 Bronx Park E. Corps.*, 284 AD2d 177 [2001]).

The affidavit raised issues that were genuine and not feigned (*compare Alvarez v New York City Hous. Auth.*, 295 AD2d 225 [2002], *with Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318 [2000]). The affidavit was from a nonparty witness, was not conclusory, and did not contradict infant plaintiff's prior testimony. Instead, the affidavit supplemented infant plaintiff's account by providing additional details that the child might not have been in a position to observe or recall. This is particularly likely with respect to the conversation between the affiant and defendant's employee. Accordingly, defendant did not demonstrate the absence of any disputed issue of fact.

We have considered and rejected defendant's remaining contentions. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and Catterson, JJ.