Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 14, 2013, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly denied in this action where plaintiff was injured when he allegedly slipped and fell on water as he walked across the floor. Defendant failed to establish that it lacked constructive notice of the alleged condition by demonstrating when the accident location itself was last inspected prior to plaintiffs accident (see Rodriquez v Concourse Vil. Inc., 104 AD3d 410 [1st Dept 2013]; Williams v New York City Hous. Auth., 99 AD3d 613 [1st Dept 2012]). Defendant’s submission of an affidavit of one of its owners, was insufficient to establish a lack of constructive notice as a matter of law because he did not state how often he inspected the floor or that he or defendant’s employees inspected the accident location prior to the accident (see Lorenzo v Plitt Theatres, 267 AD2d 54, 56 [1st Dept 1999]; Yioves v T.J. Maxx, Inc., 29 AD3d 572 [2d Dept 2006]; compare Green v Gracie Muse Rest. Corp., 105 AD3d 578 [1st Dept 2013]). The owner only averred that he and his staff performed walk throughs during the event, which was being held in a large open space, and that he found no slippery substances or dangerous conditions on the floor.
*474 Furthermore, the record presents triable issues as to whether defendant caused or created the wet condition. Contrary to defendant’s contention, the nonparty affidavit submitted by plaintiff, which described a stream of water coming from stacked bags of ice, was not tailored to avoid the consequences of plaintiff’s deposition testimony. Instead, it supplemented plaintiffs account by providing additional details of the source of the water that allegedly caused the accident (see Bauman v Homefield Bowl, Inc., 12 AD3d 212 [1st Dept 2004]). The nonparty affidavit provides some evidence that defendant’s employees may have created the complained-of defect by leaving the bags of ice that melted (see Yuk Ping Cheng Chan v Young T. Lee & Son Realty Corp., 110 AD3d 637 [1st Dept 2013]; compare Stefan v Monkey Bar, 273 AD2d 133 [1st Dept 2000]).
Concur—Tom, J.E, Acosta, Andrias, DeGrasse and Richter, JJ.