■ DANA JACKSON, Appellant, v WHITSON's FOOD CORP. et al., Respondents. [13 NYS3d 71]—

Orders, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered May 16, 2014, which, to the extent appealed from, granted defendants' motions for summary judgment dismissing the complaint, and denied plaintiff's cross motion to strike defendant Camba, Inc.'s answer for spoliation of evidence, unanimously modified, on the law, to deny defendants' motions, and otherwise affirmed, without costs.

Plaintiff alleges that she sustained personal injuries after she slipped and fell on liquid that was on the hallway floor of a homeless women's shelter operated by defendant Camba. Defendants Whitson's Food Corp. and Whitson's Food Service Corp. (collectively Whitson's Food) delivered prepared meals to

the shelter on the day of the accident. Plaintiff alleges that she routinely observed liquid at the accident location after Whitson's Food completed its food deliveries and that she complained about the liquid to Camba's maintenance staff.

Camba failed to make a prima facie showing that it lacked constructive notice of the liquid on the floor. Although Camba's employee testified that she completed her inspection of the building about an hour before the accident, and that it was her usual custom and practice to pass by the area where plaintiff claims she fell, she could not recall whether she inspected the accident location itself that afternoon when she made her rounds (*see Jahn v SH Entertainment, LLC*, 117 AD3d 473, 473 [1st Dept 2014]). Her affidavit stating that she did not observe a slippery substance or liquid on the hallway floor during her daily rounds did not satisfy Camba's burden of showing it had no actual or constructive notice of the dangerous condition alleged and that it did not exist for a sufficient length of time prior to the accident to permit Camba employees to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Camba also failed to present evidence regarding the shelter's cleaning schedule, and Camba's employee lacked personal knowledge regarding the shelter's maintenance (*see Rodriguez v Board of Educ. of the City of N.Y.*, 107 AD3d 651, 651-652 [1st Dept 2013]).

Even if Camba had met its initial burden, the record shows that there exists a question of fact as to whether it had notice of a recurring condition. Plaintiff's testimony that she frequently would see liquid leaking from Whitson's Food's delivery crates at the accident location, and that she complained to Camba's maintenance staff about the liquid, is sufficient to raise a triable issue of fact as to a recurring condition (*see Uhlich v Canada Dry Bottling Co. of N.Y.*, 305 AD2d 107, 107 [1st Dept 2003]).

Whitson's Food, which had a contract with Camba to provide cooked meals for the shelter, failed to make a prima facie showing that it did not launch a force or instrument of harm by dropping liquid on the floor when it delivered food to the shelter on the day of the accident (*see Jenkins v Related Cos., L.P.*, 114 AD3d 435, 436 [1st Dept 2014]). The deposition testimony from an employee of Whitson's Food was insufficient to show that Whitson's Food did not cause or create the liquid condition, since he lacked personal knowledge as to whether the floor was clean after Whitson's Food delivered the food (*Jackson v Manhattan Mall Eat LLC*, 111 AD3d 519, 520 [1st Dept 2013]).

The court providently exercised its discretion in determining

that plaintiff was not entitled to sanctions. Plaintiff failed to establish that her case has been fatally compromised as a result of Camba's alleged spoliation of surveillance video footage of the hours before her accident. Plaintiff has sufficient evidence to prove her case, including her own testimony, surveillance footage showing the accident itself, and documents defendants provided during discovery (*see Shapiro v Boulevard Hous. Corp.*, 70 AD3d 474, 476 [1st Dept 2010]). Plaintiff's February 9, 2010 letter requesting that Camba preserve the surveillance footage of the accident did not indicate that plaintiff wanted Camba to retain the surveillance footage for the hours preceding the accident (*see Duluc v AC & L Food Corp.*, 119 AD3d 450, 452 [1st Dept 2014], *lv denied* 24 NY3d 908 [2014]). Therefore, Camba should not be penalized for failing to retain such footage (*id.*). Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.