■ GREGORY VELEZ, Respondent, v CITY OF NEW YORK et al., Appellants. [21 NYS3d 216]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered February 4, 2015, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims and the Labor Law § 241 (6) claim as predicated upon 12 NYCRR 23-1.30, unanimously affirmed, without costs.

The motion court properly declined to dismiss the Labor Law § 200 and common-law negligence claims in this action where plaintiff alleges that he was injured when he tripped over a drain cover on the roof of the worksite because of inadequate illumination. Although defendants argue that they cannot be held liable for any lack of illumination because they did not create that condition or have notice of it, defendant failed to demonstrate that they lacked constructive notice of the alleged condition by offering evidence as to the time that the area where plaintiff fell was last inspected (*see Jahn v SH Entertainment, LLC*, 117 AD3d 473 [1st Dept 2014]).

Dismissal of the Labor Law § 241 (6) claim was properly denied, since plaintiff's testimony regarding the lighting conditions of the rear area of the roof raises a triable issue as to whether the work area was adequately illuminated (*see Green v New York City Hous. Auth.*, 7 AD3d 287 [1st Dept 2004]; 12 NYCRR 23-1.30). Although defendants' witnesses deny that there was inadequate lighting of the roof top in their affidavits, there is no evidence that any of them were present at the worksite on the evening of plaintiff's accident. In any event, the conflicting versions of the lighting conditions merely raise issues of credibility that cannot be resolved on a motion for summary judgment (*see e.g. Campos v 68 E. 86th St. Owners Corp.*, 117 AD3d 593, 594 [1st Dept 2014]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick, Saxe and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE CARTER, Appellant. [19 NYS3d 745]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Laura Ward, J.), rendered on or about October 21, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Friedman, J.P., Renwick, Saxe and Kapnick, JJ.