Lam v 2 W. Nightlife, Inc. (2018 NY Slip Op 01672)





Lam v 2 W. Nightlife, Inc.


2018 NY Slip Op 01672


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6028N 152573/16

[*1] Steven Lam, Plaintiff-Appellant,
v
2 West Nightlife, Inc. doing business as Krush Sports Bar, Defendant-Respondent.


Law Offices of David P. Fallon, PLLC, Sayville (David P. Fallon of counsel), for appellant.
Farber Brocks & Zane L.L.P., Garden City (Tracy L. Frankel of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered July 31, 2017, which denied plaintiff's motion to compel defendant to produce a witness with knowledge of the maintenance of its security surveillance video for a deposition, unanimously affirmed, without costs.
Plaintiff was injured when he slipped and fell while playing a game in defendant's bar. In an affidavit, defendant's owner explained that, upon learning of the accident, she preserved video surveillance footage from the scene, commencing from approximately 8 minutes before the accident until about 20 minutes afterward, and that after 10 days, the rest of the video was automatically erased by the system.
The court providently exercised its discretion in denying the motion as plaintiff failed to establish that defendant's owner's deposition was material and necessary to the prosecution of the action, given, inter alia, plaintiff's own observations during his presence in the bar in the hours before the accident and the preserved surveillance footage (see CPLR 3101[a]). Moreover, there is no indication of any impropriety in connection with the destruction of the earlier footage (see Boyle v City of New York, 291 AD2d 315 [1st Dept 2002]), which defendant had no independent obligation to preserve (see Jackson v Whitson's Food Corp., 130 AD3d 461 [1st Dept 2015]; Duluc v AC & L Food Corp., 119 AD3d 450 [1st Dept 2014], lv denied 24 NY3d 908 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK