Vazquez v Jerome Gas Corp. (2019 NY Slip Op 04867)





Vazquez v Jerome Gas Corp.


2019 NY Slip Op 04867


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9631 301727/13

[*1]Eliezer Vazquez, Plaintiff-Respondent,
v Jerome Gas Corp., Defendant-Appellant, Jerome Petrol Realty LLC, Defendant.


Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla (Adonaid C. Medina of counsel), for appellant.
Shapiro Law Offices, PLLC, Bronx (Ernest S. Buonocore of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 5, 2018, which, insofar as appealed from, denied the motion of defendant Jerome Gas Corp. for summary judgment dismissing the complaint as against it, and precluded it from offering testimony at trial, unanimously affirmed, without costs.
Defendant did not establish its prima facie entitlement to judgment as a matter of law since it failed to show that it did not cause, create or have notice of the alleged icy condition on its property. In an affidavit, defendant's owner failed to state whether defendant received any complaints about the accident location, or when the area was last inspected and cleaned before plaintiff's fall (see Rodriguez v Bronx Zoo Rest., Inc., 110 AD3d 412, 412-413 [1st Dept 2013]). The fact that defendant's owner was working on the day of the accident and did not see snow or ice on the property, does not satisfy defendant's burden to show that it lacked notice of a dangerous condition and that the condition did not exist for a sufficient length of time prior to the accident to permit defendant to discover and remedy it (see Jackson v Whitson's Food Corp., 130 AD3d 461, 462 [1st Dept 2015]). In light of defendant's failure to make a prima facie showing, the summary judgment burden never shifted to plaintiff (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The court did not abuse its discretion by precluding defendant from offering testimony at trial. The record shows that defendant violated two post note of issue discovery orders by not appearing for a deposition.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK