Butler v New York City Tr. Auth. (2021 NY Slip Op 01939)





Butler v New York City Tr. Auth.


2021 NY Slip Op 01939


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 158411/16 Appeal No. 13466N Case No. 2020-03182 

[*1]Antoinette Butler, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents.


Seskin & Seskin, New York (Scott H. Seskin of counsel), for appellant.
Lawrence Heisler, Brooklyn (Harriet Wong of counsel), for respondents.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered June 26, 2020, which granted plaintiff's motion for spoliation sanctions to the extent of directing
that plaintiff could move in limine before the trial judge for an adverse inference charge if defendant failed to produce the requested incident occurrence report within 30 days of oral argument on the motion, unanimously affirmed, without costs.
The motion court providently exercised its discretion in deferring to the trial court whether or what sanction to impose on defendants for their failure to produce the report prepared by a token booth clerk in connection with an incident in which plaintiff was allegedly injured on a subway train. On this record plaintiff failed to establish that the incident occurrence report contained evidence critical to establishing her case, since it consists of her own account of the incident as recorded by the clerk (see Jackson v
Whitson's Food Corp., 130 AD3d 461, 462-463 [1st Dept 2015]; Kirkland v New York City Hous. Auth., 236 AD2d 170, 173 [1st Dept 1997]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021