Venezia v LTS 711 11th Ave. (2022 NY Slip Op 00152)





Venezia v LTS 711 11th Ave.


2022 NY Slip Op 00152


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 156034/15, 595925/17, 595517/18 Appeal No. 14558 Case No. 2020-02697 

[*1]Peter Venezia et al., Plaintiffs-Appellants,
v
LTS 711 11th Avenue et al., Defendants-Respondents. [A Third-Party Action.]
LTS 711 11th Avenue et al., Second Third-Party Plaintiffs-Respondents,
v
Binyan Construction Corp., Second Third-Party Defendant-Respondent.


Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellants.
Kennedys CMK LLP, New York (Hilary Simon of counsel), for LTS 711 11TH Avenue and JRM Construction Management, LLC, respondents.
O'Connor Redd Orlando LLP, Port Chester (Joseph A. Orlando of counsel), for Binyan Construction Corp., respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered February 20, 2020, which, to the extent appealed from, denied plaintiffs' motion for summary judgment on the issue of liability on the Labor Law § 200 claim and the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(d), unanimously affirmed, without costs.
This personal injury action stems from injuries sustained by plaintiff when he allegedly slipped and fell on snow or ice while walking from an area on a roof, where he was performing mason work, to its exit. Plaintiff brings claims for violations of Labor Law §§ 200 and 241(6) against LTS 711 11th Avenue, the owner of the building where the accident occurred, and its general contractor JRM Construction Management, LLC (JRM).
Plaintiff's Labor Law § 241(6) claim is predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7(d), which provides:
"Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."
"Although the regulations do not define the term 'passageway' . . . , courts have interpreted the term to mean a defined walkway or pathway used to traverse between discrete areas as opposed to an open area" (Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 67 [1st Dept 2018] [internal quotation marks omitted]).
Plaintiff's Labor Law § 200 claim is predicated on an alleged dangerous premises condition, which requires a showing that JRM either created the dangerous condition or failed to remedy same despite having actual or constructive notice thereof (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]).
Summary judgment on liability was properly denied as there are outstanding issues of fact that cannot be resolved at this stage. The record contains competing evidence as to the location of the accident, whether a path had been cleared so that workers could safely walk between the stairway and the location on the roof where the work was being performed and whether it was necessary for plaintiff to traverse the area where he allegedly fell.
Plaintiff testified that after completing work at a corner on the west side of the roof, he collected his tool bag and walked across it toward the stairwell. While he was in the middle of the roof, he slipped and fell on ice. Adam Romano, a foreman of the company that employed plaintiff, witnessed plaintiff fall. Jason Stuart, JRM's superintendent, testified that Romano showed him where the accident occurred, and Stuart took a photograph of the area. At their depositions, Romano and Stuart marked the location of the fall on the roof's construction plans. Notably, the two witnesses identified two different areas as the location of the accident. Given this [*2]conflicting evidence, an issue of fact remains as to the location of the accident (see Colon v Woolco Foods Inc., 177 AD3d 498, 498 [1st Dept 2019]).
Additionally, Stuart testified that the area he identified as the location was not an area where concrete work was being performed, that there was no reason for plaintiff to be in that area to perform the work and that the area that Romano showed Stuart as the location of the accident was not in direct line from the pour area to the stairs. If, as defendants claim, plaintiff's accident occurred outside of the passageway or pathway defendants claim existed, then issues of fact exist as to whether it was necessary for plaintiff to traverse that area as part of his work (see Rossi v Mount Vernon Hosp., 265 AD2d 542, 543 [2d Dept 1999]) and whether this route to the exit was a pathway, as contemplated by 12 NYCRR 23-1.7(d) (see Potenzo v City of New York, 189 AD3d 705 [1st Dept 2020]).
Summary judgment was also properly denied given the conflicting testimony concerning whether a pathway had been cleared in the first instance. In this regard, plaintiff testified that when he arrived, he did not observe a path cleared of snow and ice and did not see anyone clearing it during the entire time he was on the roof. Romano testified that when he arrived on the roof at 8 a.m. on the morning of the accident, the entire work area was covered with a sheet of ice, that his crew were the first people to arrive on the rooftop, and he did not see anyone else up there or any path cleared of snow and ice.
Conversely, Stuart testified that when he arrived at the site between 6 a.m. and 7 a.m. he instructed JRM's housekeeping laborers to clear a six-to-eight-foot path from the roof's stairwell entrance, at the southeast corner, to the west of the roof, where the concrete pour was to take place. He testified that the laborers were shoveling snow to clear a path and using ice melt, that he personally "walk[ed] along this path that [he] said had been cleared," and identified the location of the path, which he recalled being cleared on the morning of the accident.
Plaintiff's contention that defendants did not raise an issue of fact in opposition and that there is no proof that a pathway had been cleared summarily disregards Stuart's testimony. Evidence may be said to be incredible as a matter of law when it "is demonstrably false . . . [or] contradicts every other piece of evidence in the record" (see Carthen v Sherman, 169 AD3d 416, 417 [1st Dept 2019]). Here, Stuart's testimony is not incredible as a matter of law and cannot be ignored without improperly making a determination as to credibility on summary judgment (see Medina-Ortiz v Seda, 157 AD3d 499 [1st Dept 2018]; Prevost v One City Block LLC, 155 AD3d 531, 535 [1st Dept 2017]; Velez v City of New York, 134 AD3d 447, 447 [1st Dept 2015]).
Additionally, Stuart's testimony is not demonstratively false and is not contradicted by every other piece of evidence [*3]in the record. Notably, the 19-second video of the roof taken by Romano on the morning of the accident does not conclusively demonstrate that a path had not been cleared. While it is true that the video shows a roof that was overwhelmingly covered with ice or snow, there is a pathway that looks to be a different color from the rest of the roof. It is not clear from the video whether that pathway is covered with ice, snow or whether it is simply wet from fully melted or cleared ice or snow. ?"Where different conclusions can reasonably be drawn from the evidence, the motion [for summary judgment] should be denied" (Sommer v Federal Signal Corp., 79 NY2d 540, 555 [1992]; see also Medina-Ortiz v Seda, 157 AD3d at 499). Issues of fact exist as to whether defendants undertook any efforts to remove snow and ice for a pathway, as they claim, and whether their efforts were reasonable or adequate (see Baum v Javen Constr. Co., Inc., 195 AD3d 1378 [4th Dept 2021]; cf. Potenzo v City of New York, 189 AD3d at 707-708). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022