Romano v New York City Tr. Auth. (2023 NY Slip Op 00830)

Romano v New York City Tr. Auth.

2023 NY Slip Op 00830

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 

Index No. 153015/14 Appeal No. 17310-17311-17312-17313-17314 Case No. 2022-02936, 2022-00023, 2022-00089, 2022-00087 2022-00074 

[*1]Michael I. Romano, Plaintiff-Respondent,
v
New York City Transit Authority et al., Defendants-Appellants-Respondents, Five Star Electric Corp., Defendant-Respondent-Appellant.
[And a Third-Party Action]
New York City Transit Authority et al., Second Third-Party Plaintiffs-Appellants-Respondents,
v
Walsh Electrical Contracting Inc. et al., Second Third-Party Defendants, Eaton Electric, Inc., et al Second Third-Party Defendants-Respondents.

Lewis Brisbois Bisgaard & Smith LLP, New York (Joshua Jemal of counsel), for New York City Transit Authority and Metropolitan Authority, appellants-respondents.
French & Casey, LLP, New York (Beth Rex of counsel), for Five Star Electric Corp., respondent-appellant/respondent.
Rubenstein & Rynecki, Brooklyn (Harper A. Smith of counsel), for Michael Romando, respondent.
Quintairos, Prieto, Wood & Boyer, P.A., New York (Kathleen M. Mulholland of counsel), for Eaton Electric, Inc., respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered December 17, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 241(6) claim, unanimously affirmed, without costs. Order, same court and Justice, entered December 17, 2021, which, to the extent appealed from as limited by the briefs, denied defendants/second third-party plaintiffs New York City Transit Authority and Metropolitan Transportation Authority's (NYCTA/MTA) motion for summary judgment dismissing plaintiff's Labor Law §§ 241(6) and 200 and common-law negligence claims and second third-party defendant Eaton Electric, Inc.'s (Eaton) counterclaims for contribution and common-law indemnification as against it, and on their cross-claim for contractual indemnification against defendant/third-party plaintiff Five Star Electric Corp. (Five Star), unanimously modified, on the law, to grant NYCTA/MTA summary judgment dismissing the Labor Law § 241(6) claim as against them except insofar as predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(2), and otherwise affirmed, without costs. Order, same court and Justice, entered December 17, 2021, which, to the extent appealed from as limited by the briefs, denied Five Star's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, unanimously affirmed, without costs. Order, same court and Justice, entered December 17, 2021, which granted Eaton's motion for summary judgment dismissing NYCTA/MTA's second third-party complaint as against it, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered on or about June 27, 2022, which, to the extent appealed from as limited by the briefs, granted Five Star leave to reargue its summary judgment motion and to resettle the order denying that motion and, upon reargument and resettlement, granted Five Star summary judgment dismissing NYCTA/MTA's cross-claim for contractual indemnification, unanimously affirmed, without costs.
Plaintiff claims he sustained injuries when he stepped and fell on a piece of electrical conduit lying on the floor while cleaning debris at the construction site of the Mother Clara Hale Bus Depot in Manhattan. NYCTA/MTA owned the premises. Plaintiff was employed as a laborer by the nonparty general contractor. Five Star was the prime electrical subcontractor on the project and it, in turn, subcontracted Eaton to perform certain electrical work.
The court correctly granted plaintiff partial summary judgment on his Labor Law § 241(6) claim, and denied NYCTA/MTA summary judgment dismissing the claim, as the record established that NYCTA/MTA violated Industrial Code § 23-1.7(e)(2), which requires that floors of work areas be kept free of debris and scattered tools and materials, and that this violation proximately caused plaintiff's accident (see Lester v JD Carlisle [*2]Dev. Corp., MD., 156 AD3d 577, 578 [1st Dept 2017]; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 984 [2d Dept 2014], lv denied 26 NY3d 905 [2015]). However, the Labor Law § 241(6) claim, insofar as predicated on the other Industrial Code provisions, is dismissed as abandoned, since plaintiff did not oppose NYCTA/MTA's arguments for dismissal of those claims before the motion court or on appeal (see Murphy v Schimenti Constr. Co., LLC, 204 AD3d 573, 574 [1st Dept 2022]; Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]).
As to the Labor Law § 200 and common-law negligence claims, neither NYCTA/MTA nor Five Star established their prima facie entitlement to summary judgment dismissing those claims. NYCTA/MTA failed to submit any proof establishing that they lacked constructive notice of the condition that caused the accident (see Pereira v New Sch., 148 AD3d 410, 413 [1st Dept 2017]; McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015]). Furthermore, the various witnesses' testimony as to whether Five Star or another contractor owned the subject electrical conduit, the cause of plaintiff's fall, and whether the conduit was open and obvious presented factual and credibility issues that cannot be properly determined on a summary judgment motion (see Venezia v LTS 711 11th Ave., 201 AD3d 493, 496 [1st Dept 2022]; Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71-72 [1st Dept 2004]). Because an issue of fact exists as to who owned the subject conduit, NYCTA/MTA's second third-party claims for contribution, common-law and contractual indemnification, and breach of contract as against Eaton, the other electrical contractor on site, are reinstated. Given factual issues exist as to NYCTA/MTA's negligence, NYCTA/MTA's motion for summary judgment dismissing Eaton's counterclaims for contribution and common-law indemnification was properly denied.
Finally, the court correctly dismissed NYCTA/MTA's cross-claim for contractual indemnification against Five Star. While NYCTA/MTA asserted the cross-claim in their answer to plaintiff's initial complaint, they never interposed an answer to the amended complaint, which superseded the original complaint. Given plaintiff's amended pleadings, NYCTA/MTA's original answer and the cross claims asserted therein had "no effect" (St. Lawrence Explosives Corp. v Law Bros. Contr. Corp., 170 AD2d 957, 957 [4th Dept 1991]; see also Hoppenfeld v Hoppenfeld, 220 AD2d 302, 303 [1st Dept 1995]). NYCTA/MTA's contention that the amended complaint is a nullity is unavailing (see Bevilacqua v Bloomberg, L.P, 70 AD3d 411, 412-413 [1st Dept 2010]). In light of the foregoing, NYCTA/MTA's challenge to the dismissal of its contractual indemnification cross claim is moot.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023