McKinney v Empire State Dev. Corp. (2023 NY Slip Op 03410)

McKinney v Empire State Dev. Corp.

2023 NY Slip Op 03410

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 160532/13 595150/18 595087/19 Appeal No. 531-532 Case No. 2022-02465, 2023-01257 

[*1]Donald McKinney, Plaintiff-Respondent,
v
Empire State Development Corporation et al., Defendants, Tishman Construction Corporation, Defendant-Respondent-Appellant, Atlantic Hoisting & Scaffolding, LLC., Defendant-Appellant-Respondent.
Tishman Construction Corporation, Third-Party Plaintiff-Respondent-Appellant,
v
United States Roofing Corporation, Third-Party Defendant-Appellant-Respondent.
Tishman Construction Corporation, Second Third-Party Plaintiff- Respondent-Appellant,
v
ADCO Electrical Corp., Second Third-Party Defendant- Appellant-Respondent.

Marshall, Dennehey Warner Coleman & Goggin, P.C., New York (Adam C. Calvert of counsel), for United States Roofing Corporation, appellant-respondent.
French & Casey, LLP, New York (Jonathan Uejio of counsel), for Atlantic Hoisting & Scaffolding, LLC., appellant-respondent.
Perry, Van Etten, Rozanski & Kutner, LLP, New York (Anthony Lugara of counsel), for ADCO Electrical Corp, appellant-respondent.
McGaw & Alventosa, Jericho (Mary C. Azzaretto of counsel), for Tishman Construction Corporation, respondent-appellant.
The Perecman Firm, P.L.L.C., New York (Adam Hurwitz of counsel), for Donald McKinney, respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about May 8, 2022, which, to the extent appealed from as limited by the briefs, denied third-party defendant United States Roofing's motion for summary judgment dismissing defendant/third-party plaintiff/second third party plaintiff Tishman Construction Corporation's third-party claim for contractual indemnification as against it; denied defendant Atlantic Hoisting & Scaffolding, LLC's motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against it; denied Tishman's motion for summary judgment dismissing plaintiff's Labor Law §§ 200 and 241(6) and common-law negligence claims against it and insofar as it sought summary judgment on its cross-claims for contractual indemnification against Atlantic Hoisting and second third-party defendant ADCO Electrical Corporation, and granted Tishman's motion insofar as it sought conditional summary judgment on its on its contractual indemnification claim against United States Roofing; and denied, except insofar the motion sought dismissal of Tishman's third-party claim for failure to procure insurance, ADCO's motion for summary judgment dismissing Tishman's second third-party complaint and all cross-claims as against it, unanimously affirmed, without costs. Order, same court and Justice, entered February 23, 2023, which granted United States Roofing's motion to reargue, and, upon reargument, adhered to its prior determination denying United States Roofing's motion for summary judgment dismissing Tishman's third-party claim for contractual indemnification, unanimously affirmed, without costs.
Tishman, which was the general contractor of the project on which plaintiff was injured, established its entitlement to conditional summary judgment on its contractual indemnification claim against United States Roofing. The indemnification provision was triggered because plaintiff, a United States Roofing employee, was injured during the performance of his work (see Mancusi v Avalonbay Communities, Inc., 199 AD3d 463, 463-464 [1st Dept 2021]). Conditional summary judgment is appropriate because the record establishes that Tishman's negligence, if any, was not the sole proximate cause of the accident, and the extent of the indemnification will depend on the extent to which any negligence by Tishman is found to have contributed to the accident (Cuomo v 53rd & 2nd Assoc., LLC, 111 AD3d 548, 548 [1st Dept 2013]).
Tishman failed to establish its entitlement to dismissal of plaintiff's Labor Law § 200 and common-law negligence claims as against it as the record presents issues of fact as to whether Tishman had notice of any dangerous condition with respect to the scaffolding (see Sinai v Luna Park Hous. Corp., 209 AD3d 600, 601 [1st Dept 2022]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Atlantic Hoisting also failed to establish its entitlement to dismissal of plaintiff's Labor [*2]Law § 200 and common-law negligence claims as against it because the record presents issues of fact as to whether Atlantic Hoisting created the dangerous condition on the scaffold where plaintiff's accident occurred by erecting a scaffold with low clearance (see Hewitt v NY 70th St. LLC, 187 AD3d 574 [1st Dept 2020]). Additionally, although Tishman's representative testified that he was "pretty sure" that signs warning of low head clearance were posted in the area, plaintiff testified that he could not recall seeing warning signs. The conflicting testimony presents an issue of fact (see Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]; Sunun v Klein, 188 AD3d 507, 509 [1st Dept 2020]).
Tishman also did not establish its entitlement to dismissal of plaintiff's Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.30. Plaintiff testified that it was dark in the area where the accident occurred and that there were no lights, while defendants and third-party defendants submitted deposition testimony in which their representatives stated that the area was well-illuminated. The conflicting versions of the lighting conditions near the scaffold raise issues of credibility that cannot be resolved on summary judgment (see Velez v City of New York, 134 AD3d 447, 447 [1st Dept 2015]; Hernandez v Columbus Ctr., LLC, 50 AD3d 597, 598 [1st Dept 2008]).
For the same reasons, ADCO also failed to establish entitlement to summary judgment dismissing any claims insofar as based on Industrial Code (12 NYCRR) § 23-1.30, as those claims were based on the lighting conditions in the area. Similarly, the court correctly denied ADCO's motion for summary judgment dismissing Tishman's contractual indemnification claim, as it has not yet been determined whether plaintiff's accident arose out of inadequate lighting conditions.
Atlantic Hoisting is not entitled to summary judgment dismissing Tishman's cross-claim against it for contractual indemnification, because, as we have already noted, the record presents an issue of fact as to whether plaintiff's accident occurred as a result of Atlantic Hoisting's negligence creating and maintaining the scaffold (see Urbina v 26 Ct. St. Assoc., LLC, 46 AD3d 268, 271 [1st Dept 2007]). Tishman is also not entitled to summary judgment on its cross-claims for contractual indemnification against Atlantic Hoisting and ADCO because it has not yet been determined whether plaintiff's accident arose out of or resulted from the acts or omissions of Atlantic or ADCO (see D'Angelo v Builders Group, 45 AD3d 522, 525 [2d Dept 2007]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023