Vasquez v Fordham Univ. (2024 NY Slip Op 01124)

Vasquez v Fordham Univ.

2024 NY Slip Op 01124

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, O'Neill Levy, JJ. 

Index No. 31859/17 Appeal No. 1769 Case No. 2022-05028 

[*1]Camilla Vasquez, Plaintiff-Appellant,
v
Fordham University et al., Defendants-Respondents.

Mangan Louis LLP, New York (Michael P. Mangan of counsel), for appellant.
Harrington, Ocko & Monk, LLP, White Plains (Michael A. Flake of counsel), for respondents.

Order, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered on or about April 1, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Fordham University's motion for summary judgment dismissing the claims against it arising from an accident on July 11, 2017, unanimously modified, on the law, to deny the motion as to plaintiff's claims related to an allegedly defective step, and otherwise affirmed, without costs.
In this trip and fall action, plaintiff tripped down a set of exterior steps while exiting Finlay Hall on Fordham University's (Fordham) campus in July 2017. Plaintiff claimed a light outage outside the entrance of the hall, and the texture and unevenness of the steps, caused her fall.
Fordham established, prima facie, its lack of actual or constructive notice as to the light outage based on work orders and "lights out" reports indicating that there were no reports of an issue with the subject light prior to plaintiff's accident (see Friberg v City of New York, 193 AD3d 451, 451 [1st Dept 2021]). To the extent plaintiff claims that these records are unauthenticated, we note that she did not raise this objection in her opposition to the motion, and thus conceded their authenticity (see Vitucci v Durst Pyramid LLC, 205 AD3d 441, 444-445 [1st Dept 2022]). Moreover, according to plaintiff's own testimony, she first noticed the light was out right before she fell; thus, she cannot prove constructive notice (see Aquino v Kuczinski, Vila & Assoc., P.C., 39 AD3d 216, 219 [1st Dept 2007]). Plaintiff's affidavit in opposition, in which she asserted that Fordham had notice of the defective light because it was visible to security guards posted inside the entrance of Finlay Hall and at the campus gate, was speculation not supported by the accompanying photos.
With respect to plaintiff's claim that the steps were unsafe at the time of her accident, the report by Fordham's expert had no probative value because the expert did not examine the steps until more than three years after plaintiff's accident (see McGarvey v Bank of N.Y., 7 AD3d 431, 432 [1st Dept 2004]). Without its expert's report, Fordham failed to demonstrate, prima facie, that any alleged defect was trivial (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 84 [2015]). Thus, this claim is reinstated without need to address the sufficiency of plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The motion court providently exercised its discretion in denying sanctions against Fordham for spoliation of evidence. Even though Fordham failed to notify plaintiff of its intent to replace the steps before removing them in July 2021, plaintiff, in the three years since commencement of this action, never requested to inspect the steps, nor did any of her discovery orders demand their preservation (see Jackson v Whitson's Food Corp., 130 AD3d 461, 462-463 [1st Dept 2015]). 
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024