Smith v Extell W. 45th LLC (2024 NY Slip Op 04533)

Smith v Extell W. 45th LLC

2024 NY Slip Op 04533

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 160712/13 Appeal No. 2597 Case No. 2023-05265 

[*1]Darrell Smith, Plaintiff-Appellant-Respondent,
v
Extell West 45th LLC et al., Defendants-Respondents-Appellants, HHS McKinney Investments, Inc., et al., Defendants.

Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellant-respondent.
Thomas O. O'Connor, PLLC, White Plains (Thomas O. O'Connor of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about September 15, 2023, which granted the motion of defendants Extell West 45th LLC, Extell Development Company, HHC TS Reit, LLC, Hyatt Corporation, Hyatt Hotels Corporation, Lend Lease (US) Construction LMB, Inc., KONE, Inc., and Bovis Lend Lease LMB, Inc. (collectively, defendants) for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action insofar as predicated on Industrial Code (12 NYCRR) § 23-7.3 and denied the motion insofar as predicated on Industrial Code § 23-1.7 (e), unanimously modified, on the law, to grant defendants' motion to dismiss the Labor Law § 241 (6) cause of action insofar as predicated on Industrial Code § 23-1.7 (e) (1), and otherwise affirmed, without costs.
Supreme Court properly granted the motion to dismiss the Labor Law § 241 (6) cause of action insofar as it was predicated on 12 NYCRR § 23-7.3 (e), which requires that elevator cars being installed in buildings or other structures for permanent use being used before completion of the building or structure "shall be operated only by competent, trained, designated persons." This regulation is not sufficiently specific to support a Labor Law § 241 (6) claim, as it simply sets general safety standards and does not mandate compliance with concrete specifications (see Estevez v SLG 100 Park LLC, 215 AD3d 566, 569-570 [1st Dept 2023]).
Supreme Court should have granted defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim insofar as it was predicated on 12 NYCRR § 23-1.7 (e) (1). That regulation provides, as relevant here, "All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping." A passageway for purposes of this regulation "mean[s] a defined walkway or pathway used to traverse between discrete areas as opposed to an open area" (Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 67 [1st Dept 2018] [citation and internal quotation marks omitted]). The elevator in which plaintiff's accident occurred cannot be considered a walkway or pathway, and therefore cannot constitute a passageway within the meaning of the regulation (cf. Bazdaric v Almah Partners LLC, 203 AD3d 643, 645 [1st Dept 2022], revd on other grounds 41 NY3d 310 [2024]).
Supreme Court properly denied defendants summary judgment dismissing the claim insofar as it was predicated on 12 NYCRR § 23-1.7 (e) (2), which states, "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." This regulation is sufficiently specific to support a Labor Law § 241 (6) claim (see e.g. Boss v Integral Constr. Corp., 249 AD2d 214, 215 [1st Dept 1998]; Lenard v 1251 Ams. Assoc., 241 AD2d 391 [1st Dept 1997], appeal [*2]withdrawn 90 NY2d 937 [1997]), and the floor of the elevator in which plaintiff testified that his accident occurred was a floor or similar area where persons passed within the meaning of the regulation. To the extent that defendants dispute plaintiff's credibility and the veracity of his account of the accident, these arguments present credibility determinations for the factfinder at trial, not for determination on summary judgment (see e.g. Romano v New York City Tr. Auth., 213 AD3d 506, 508 [1st Dept 2023]; Venezia v LTS 711 11th Ave., 201 AD3d 493, 496 [1st Dept 2022]; Pizzolo v Thyssenkrupp El. Corp., 189 AD3d 560, 561 [1st Dept 2020]).
We decline to address plaintiff's arguments, raised for the first time in his reply brief, concerning his Labor Law § 200 and common-law negligence claims. We note that the decretal paragraphs of Supreme Court's order addressed only his Labor Law § 241 (6) claim. Accordingly, the viability of plaintiff's Labor Law § 200 and common-law negligence claims remain issues for trial.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024