AIG Prop. Cas. Co. v MTS Power Sys. (2024 NY Slip Op 05181)

AIG Prop. Cas. Co. v MTS Power Sys.

2024 NY Slip Op 05181

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 150455/20 Appeal No. 2857 Case No. 2024-02941 

[*1]AIG Property Casualty Company, as Subrogee of Gail Siegal et al., Plaintiffs-Respondents,
v
MTS Power Systems, Defendant-Appellant.

Law Office of Victoria A. Turchetti, New York (Joseph R. Federici of counsel), for appellant.
Gwertzman Lefkowitz Smith & Sullivan LLP, New York (Christian C. Sedereas of counsel), for respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered April 15, 2024, which, inter alia, denied, without prejudice, the motion of defendant MTS Power Systems (MTS) to dismiss the complaint or to preclude certain testimony as spoliation sanctions against plaintiff AIG Property Casualty Company (AIG), unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying as premature MTS's motion for sanctions pursuant to CPLR 3126. MTS argues that AIG, who paid the insured homeowner after a house fire and then commenced this subrogation action against MTS, destroyed key evidence by renovating or altering the house at issue and disposing of certain of its contents. In imposing spoliation sanctions, "courts possess broad discretion to provide proportionate relief to a party deprived of lost or destroyed evidence, including [precluding] proof favorable to the spoliator to restore balance . . . [and] employing an adverse inference instruction at the trial" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 551 [2015]; see also Ortega v City of New York, 9 NY3d 69, 76 [2007]; CPLR 3126). Dismissal "is usually not warranted unless the evidence is crucial, and the spoliator's conduct evinces some higher degree of culpability" (New York City Hous. Auth. v Pro Quest Sec., Inc., 108 AD3d 471, 473 [1st Dept 2013] [internal quotation marks omitted]). A motion court may, in its discretion, defer to a trial court a determination of "whether or what sanction to impose" (Butler v New York City Tr. Auth., 192 AD3d 623, 624 [1st Dept 2021]).
MTS has also failed to establish on this record the degree that it will be prejudiced by not having conducted its own timely inspection of the interior of the house. The parties may yet be able to submit evidence at trial, including additional photos, that support their respective cases and speak to the water damage. The court thus aptly deferred the decision to the trial court, to be "made on the basis of the record before it at th[at] time," when the relevance of any missing evidence can better be evaluated (Quinn v City Univ. of N.Y., 43 AD3d 679, 680 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024