Wilson v Bronx Lebanon Hosp. Ctr. (2024 NY Slip Op 06178)

Wilson v Bronx Lebanon Hosp. Ctr.

2024 NY Slip Op 06178

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 307116/12 Appeal No. 3196 Case No. 2023-06737 

[*1]Samuel Wilson, et al., Plaintiffs-Respondents,
v
The Bronx Lebanon Hospital Center, Defendant-Appellant, Abdul Awadu, et al., Defendants.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondents.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about August 8, 2023, which, insofar as appealed from appealed from as limited by the briefs, denied defendant The Bronx Lebanon Hospital Center's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant established its entitlement to judgment as a matter of law in this action where plaintiff Samuel Wilson alleged that he was injured when a member of defendant's security personnel struck him in the back of the neck with a hard object as he ascended the stairs in defendant's premises. Defendant submitted evidence showing that plaintiff's version of the incident was not medically possible in light of his injuries, based on the affirmation of its medical expert. Defendant's expert definitively opined that plaintiff's injuries were inconsistent with his version of the incident and were consistent with the account of defendant's security officer, noting that numerous physical examinations of plaintiff did not reveal bruising to the back of his neck where plaintiff claimed he was injured.
In opposition, the report of plaintiff's medical expert was sufficient to raise a triable issue of fact (see Venezia v LTS 711 11th Ave., 201 AD3d 493, 495 [1st Dept 2022]). Plaintiff's expert stated that defendant's expert failed to take into account that plaintiff's neck rotated after he was hit in the back of the neck and was falling to the floor. The record does not rule out plaintiff's expert's analysis of how plaintiff was rendered a quadriplegic (see generally Sommer v Federal Signal Corp, 79 NY2d 540, 555 [1992]).
Defendant contends that plaintiff's expert relied on a version of the incident provided by plaintiff that was inconsistent with plaintiff's deposition testimony. However, plaintiff's deposition testimony was, for the most part, consistent with his statements to his expert. While plaintiff did not affirmatively testify that his neck rotated as he fell, he did not rule out that scenario, and any discrepancy presents an issue of credibility for the jury (see Romero v Valdez, 198 AD3d 496, 497 [1st Dept 2021], lv dismissed 37 NY3d 1232 [2022]).
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024