Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about August 20, 2012, which, to the extent appealed from, denied Manhattan Mall Eat LLC, Vornado 100 West 33rd Street, LLC and One Source Facility Services, Inc.’s motion for summary judgment dismissing the complaint, and denied Manhattan Mall Eat LLC and Vornado 100 West 33rd Street, LLC’s motion for summary judgment on the contractual indemnification and breach of contract claims asserted against KCL Protective Services, Inc., doing business as Advantage Security, unanimously modified, on the law, to grant so much of Manhattan Mall Eat LLC and Vornado 100 West 33rd Street, LLC’s motion which sought summary judgment on their breach of contract claim, and otherwise affirmed, without costs.
Plaintiff alleges that he sustained personal injuries when, in *520 the course of his employment as a security officer for third-party defendant KCL Protective Services, Inc., doing business as Advantage Security, he tripped and fell on a gap created by a misaligned grate at a loading dock located on Vornado 100 West 33rd Street, LLC’s premises.
Defendants failed to make a prima facie showing of entitlement to summary judgment on the issue of liability. In support of the motion, defendants submitted only testimony concerning customary inspection and cleaning procedures. In the absence of “specific evidence as to their activities on the day of the accident, including evidence indicating the last time the [grates were] inspected, cleaned, or maintained before plaintiffs fall,” defendants failed to establish a lack of prior constructive notice (Cater v Double Down Realty Corp., 101 AD3d 506, 506 [1st Dept 2012], citing Moser v BP/CG Ctr. I, LLC, 56 AD3d 323 [1st Dept 2008]).
Defendant One Source Facility Services, Inc., the cleaning contractor retained to provide services at the premises, failed to establish that it did not launch a force or instrument of harm in negligently cleaning the grates on the day before the accident (see Espinal v Melville Snow Contrs., 98 NY2d 136, 139 [2002]). One Source did not submit any evidence that either it properly returned the grates after cleaning them the day before the accident or that it had not cleaned the grates at that time. The defense witnesses lacked personal knowledge of the grate cleaning allegedly performed on the day before the accident or the condition of the grates thereafter and One Source did not supplement the deposition testimony with documentary evidence or an affidavit from one with personal knowledge.
As the Vornado defendants failed to establish that they were free from negligence, their motion for contractual indemnification was properly denied (see All Am. Moving & Stor., Inc. v Andrews, 96 AD3d 674, 676 [1st Dept 2012]; Pardo v Bialystoker Ctr. & Bikur Cholim, Inc., 10 AD3d 298, 301 [1st Dept 2004]). However, in the absence of evidence that third-party defendant procured the required insurance, summary judgment should have been granted on the breach of contract claim. Concur— Mazzarelli, J.E, Saxe, Moskowitz, DeGrasse and Gische, JJ.