(November 17, 2015)

■ BARBARA STIMMEL et al., Plaintiffs, v JULIANNE OSHEROW, Appellant, et al., Defendant. JULIANNE OSHEROW, as Administratrix of the Estate of INA K. BERKOWITZ, Deceased, Third-Party Plaintiff-Appellant, v GUMLEY HAFT KLEIER INC. et al., Third-Party Defendants, and PRUDENTIAL DOUGLAS ELLIMAN REAL ESTATE et al., Third-Party Defendants-Respondents. [20 NYS3d 29]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered March 6, 2014, which granted third-party defendants Prudential Douglas Elliman Real Estate and Nora Leonhardt's motion for summary judgment dismissing the third-party complaint and all cross claims against them, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff Barbara Stimmel tripped and fell while viewing a condominium unit owned by defendant Jeff Kamin and occupied by Ina K. Berkowitz, defendant Julianne Osherow's decedent. Plaintiff was considering renting the unit, which was being shown by third-party defendant Nora Leonhardt. Leonhardt was a real estate broker with third-party defendant Prudential Douglas Elliman Real Estate, which had contracted with Kamin to act as exclusive rental agent. The accident occurred as plaintiff was reentering the apartment after having viewed the terrace, which was accessible from the living room.

The entrance to the terrace was adorned with floor-to-ceiling drapes, which were drawn open at the time of the accident. Plaintiff testified at her deposition that she did not see the cord used to open and close the drapes before the accident, and that her foot caught it as she stepped back into the apartment, causing her to fall forward into the apartment. Leonhardt testified that it was her custom when showing the apartment (she had shown it approximately 20 times) to open the drapes, if they were not open already when she arrived, and to attach the cord to a hook next to the short staircase leading to the terrace. However, she stated that, while the drapes were open at the time of the accident, she had no specific recollection whether she was the person who opened them.

Plaintiff commenced this action against Kamin and Berkowitz's estate. The estate commenced a third-party action against Leonhardt and Prudential.* Prudential and Leonhardt moved for summary judgment dismissing the third-party complaint, arguing that they owed plaintiff no duty to keep the apartment in a reasonably safe condition. They asserted that a real estate agent, who has no prior knowledge of a dangerous condition and only shows a premises to potential buyers and/or tenants, cannot be held liable for an alleged defective condition on the premises. They also contended that there was no evidence that Leonhardt had created the condition or launched the instrument of harm. In support of their motion, they submitted an affidavit by Leonhardt in which she reiterated that, although she did not recall raising the shades that adorned the glass doors leading to the terrace before the accident, it was her practice to "ma[k]e sure to place the cord in the six-inch space between the steps and the wall towards the right of the steps so that the cord would not obstruct the steps." She also averred that she had never observed the cord obstructing the steps "prior to or on the date of the accident," and "did not coil, drape, hang or otherwise place the cord on the steps leading to the terrace at any time on the date of the accident."

Plaintiff moved to amend the complaint to assert a negligence claim directly against Prudential and Leonhardt. She also opposed Prudential and Leonhardt's motion for summary judgment, arguing that they had failed to meet their initial burden of establishing that they did not control the apartment when the accident happened, because Leonhardt had voluntarily assumed a duty to make sure the accident location was safe.

---

* The estate also impleaded plaintiff's agent, who was present in the apartment when the accident occurred, and the brokerage firm that employed him. However, the estate ultimately discontinued those third-party claims.

Plaintiff also argued that Leonhardt had failed to use reasonable care to prevent the launching of an instrument of harm because she knew that a tripping hazard would result if the cord were not properly secured by the hook next to the door. Plaintiff claimed that a broker has a duty to make a reasonable inspection and to warn prospective buyers who tour a property of defects that are reasonably discoverable, and that Leonhardt breached this duty by failing to inspect the premises before showing the apartment to her. Plaintiff further contended that, even if Prudential and Leonhardt had made a prima facie showing that they did not exercise sufficient control over the apartment to create liability, they had raised a triable question of fact as to the issue by demonstrating that Leonhardt had visited the apartment on many occasions before the accident and had advised Berkowitz on the condition in which the apartment should be presented to prospective renters. Kamin submitted an affidavit in support of plaintiff's position, averring that there was an issue of fact as to whether Leonhardt was negligent in failing to secure the cord.

The court granted Prudential and Leonhardt's motion. The court determined that the third-party complaint should be dismissed on the basis that a "real estate broker is generally not responsible for a personal injury that occurs in the premises which the broker is showing," unless the injured party shows that the broker controlled the property, which the court concluded the record did not reflect. The court also determined that the motion to amend the complaint should be denied, because the proposed amended complaint had no merit, given Prudential and Leonhardt's showing that they did not have control over the premises and owed no duty of care to plaintiff.

The estate seeks contribution on the theory that Leonhardt and Prudential owed a duty to plaintiff arising out of the contract between Prudential and Kamin. Such a duty can arise under three distinct circumstances. Those are where "the contracting party 'launche[s] a force or instrument of harm,' where the plaintiff suffers injury as a result of reasonable reliance on the defendant's continued performance of [the] contractual obligation, [and] 'where the contracting party has entirely displaced the other party's duty to maintain the premises safely'" (*Megaro v Pfizer, Inc.*, 116 AD3d 427, 427 [1st Dept 2014], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). The estate's arguments on appeal implicate only the first and third predicates for liability. They mention the second circumstance, but state that it was Berkowitz, not plaintiff, who relied on the contract between Kamin and

Prudential. Again, it is the injured person whose reliance is necessary (*id.*). Accordingly, Berkowitz's reliance cannot form the basis for third-party liability.

As for the third possible basis for third-party liability, we note that there is no evidence that Prudential and Leonhardt assumed liability by displacing Kamin's duty to maintain a safe premises. Such an obligation was not set forth in the written contract between the parties. Further, neither Kamin nor Leonhardt testified that Leonhardt or Prudential took such control of the premises as to imply a duty to keep the apartment free of dangerous conditions. To the contrary, Leonhardt testified that Berkowitz was living in the apartment at the time of the accident, and would leave the apartment when Leonhardt came to show it to a prospective renter. This suggests that Leonhardt and Prudential did not intend to ensure their clients' safety, since the presence of Berkowitz in the apartment until just before Leonhardt showed it would have made it impractical to remove any potential hazards. Leonhardt stated that she gave Berkowitz instructions regarding how to keep the apartment presentable on days when it was being shown. However, these instructions did not cover safety issues.

We thus turn to the first potential predicate for finding third-party tort liability, which rests on whether Prudential or Leonhardt launched an instrument of harm. Since they were the movants for summary judgment, Prudential and Leonhardt had the prima facie burden of demonstrating that there were no triable issues of fact and that they were entitled to judgment as a matter of law on the issue (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Leonhardt's deposition testimony, and her affidavit in support of the motion, established that it was possible that she opened the drapes before the accident occurred, although she was not able to state with a reasonable degree of certainty that she did. If indeed she had opened the drapes, Leonhardt surmised, she would have wrapped the cord around the hook, because that is what she always did. However, evidence of a particular custom is insufficient to shift the burden in a premises liability case, because the defendant is required to proffer "specific evidence as to [her] activities on the day of the accident" (*Jackson v Manhattan Mall Eat LLC*, 111 AD3d 519, 520 [1st Dept 2013]). Here, since Leonhardt had no specific recollection concerning the opening of the drapes on the day of the accident, she and Prudential were unable to eliminate the possibility that they were responsible for the hazardous placement of the cord on the floor. Accordingly, they failed to meet their prima facie

burden, and the court should have denied their motion for summary judgment. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.