Nieves v BHV IV, LLC (2021 NY Slip Op 01205)





Nieves v BHV IV, LLC


2021 NY Slip Op 01205


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 303997/14 Appeal No. 13196 Case No. 2020-03466 

[*1]Ilia A. Nieves, Plaintiff-Respondent,
v
BHV IV, LLC, et al., Defendants-Appellants.


Havkins Rosenfeld & Ritzert, LLP, New York (Andrew J. Shaw of counsel), for appellants.
Pollack Pollack Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about April 1, 2019, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint as against defendants Wilder Realty, LLC and BNH IV, LLC, unanimously affirmed, without costs.
Defendants failed to establish their prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when she slipped and fell on water as she descended the interior stairs of defendants' building. Defendants failed to submit any specific evidence as to when the steps had last been inspected by the superintendent (see Jackson v Manhattan Mall Eat LLC, 111 AD3d 519, 520 [1st Dept 2013]; Gautier v 941 Intervale Realty LLC, 108 AD3d 481 [1st Dept 2013]). Moreover, plaintiff testified that the stairwell landing always became wet when it rained because the stairwell window was stuck open, and that she complained to the superintendent of this condition. Although the superintendent denied that such a condition ever existed or that he received any complaints, the conflicting testimony presents an issue of fact as to whether defendants had notice of a recurring dangerous condition of rain water on the stairs that was routinely left unaddressed (see Santana v 3410 Kingsbridge LLC, 110 AD3d 435 [1st Dept 2013]; David v New York City Hous. Auth., 284 AD2d 169, 171 [1st Dept 2001]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021