Starr Indem. & Liab. Co. v Corcoran Group, Inc. (2022 NY Slip Op 02892)

Starr Indem. & Liab. Co. v Corcoran Group, Inc.

2022 NY Slip Op 02892

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Index No. 153530/16 652363/17 50963/18 Appeal No. 15828-15828A Case No. 2021-00996 2021-01815 

[*1]Starr Indemnity and Liability Company as Subrogee of Alexander Condominium, Plaintiff-Appellant,
v
The Corcoran Group, Inc., Defendant-Respondent, Bond New York, et al., Defendants. [And Other Actions] 

Gennet, Kallmann, Antin, Sweetman & Nichols, P.C., New York (Donald G. Sweetman of counsel), for appellant.
Ahmuty, Demers & McManus, New York (Glenn A. Kaminska of counsel), for respondent.

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered April 28, 2021, dismissing the complaint as against defendant The Corcoran Group, Inc., unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 24, 2021, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The record demonstrates that Corcoran neither launched an instrument or force of harm nor entirely displaced another party's duty to maintain the premises at issue (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). The uncontroverted evidence shows that Corcoran's agents were in the apartment last on January 7, 2015 and that no one observed freezing conditions in the apartment before the leak was discovered on February 17, 2015, nearly six weeks later. Moreover, the meteorological evidence shows that if the balcony door had been open for that duration, the snow from the storm on February 2, 2015 would have been "crustier."
Other brokers showed the apartment on January 25, January 29, and February 6, 2015. Building staff also had access to the apartment during this time. The record does not reflect that anyone in the apartment found it unheated. The meteorological evidence demonstrates that any snowfall between February 2 and February 6, 2015 would have been too light to cause the buildup that was seen in the apartment. Thus, the freezing conditions did not exist before February 6, 2015, when one of the other defendants entered the apartment.
Therefore, the evidence does not leave open the possibility that Corcoran launched an instrument or force of harm (compare Stimmel v Osherow, 133 AD3d 483, 486 [1st Dept 2015] [the defendant's evidence that if she had opened the drapes she would have wrapped the cord around the hook, as was her custom, failed to eliminate possibility that she was responsible for hazardous placement of cord on floor]).
The listing agreement lacks any mention of maintaining the safety of the premises and thus establishes that Corcoran also had not "entirely displaced the other party's duty to maintain the premises safely" (Espinal, 98 NY2d at 140).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022