## Park v Fifty-Seven Ave. Invs., LLC

2024 NY Slip Op 31670(U)

May 13, 2024

Supreme Court, New York County

Docket Number: Index No. 153200/2018

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ERIC SCHUMACHER**               PART          **23M**

*Justice*

------------------------------------------------------------------X

DAVID PARK,

Plaintiff,

- v -

FIFTY-SEVEN AVENUE INVESTMENTS, LLC et al.,

Defendants.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153200/2018 |
| MOTION DATE | 05/13/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

**NYSCEF doc nos. 44-66, 98-100, 108-109, and 115 were read on seq. 002 for summary judgment.**

Motion by defendant Fifty-Seven Avenue Investments, LLC (hereinafter Fifty-Seven) pursuant to CPLR 3212 for summary judgment dismissing the amended complaint and all cross claims as asserted against it, and in favor of Fifty-Seven and against defendant Federal Express Corporation (hereinafter FedEx) on its contractual indemnification cross claim granted in part.

## BACKGROUND

Plaintiff commenced this action on April 9, 2018, by filing the summons and complaint (see NYSCEF doc no. 1). Plaintiff alleges that he was injured while working at a construction site owned by Fifty-Seven (see id. at 2). Plaintiff further alleges that Fifty-Seven retained defendant Aurora Contractors, Inc. (hereinafter Aurora) to act as the general contractor at the subject construction site (see id. at 3). Plaintiff further alleges that FedEx was another owner of the construction site, who retained MHS Technical Services Inc. (hereinafter MHS), plaintiff's employer (see NYSCEF doc no. 48 at 7-8).

Plaintiff asserts the following causes of action: (1) common-law negligence; (2) Labor Law § 200; (3) Labor Law § 240(1); and (4) Labor Law § 241(6) (see id. at 8).

On March 28, 2024, Fifty-Seven filed this motion for summary judgment (see NYSCEF doc no. 44). In support of the motion Fifty-Seven submits the deposition of plaintiff. As is relevant here, plaintiff testified that while he was drilling a hole with a five-eighths drill bit through a "3 x 3 cube" of steel, with both of his hands on top of the drill, the drill got caught on the steel and torqued his left hand (Lifferiedge affirmation, exhibit G, plaintiff tr at 28, lines 20-25; at 29, lines 2-5; at 30, lines 16-19; at 81, lines 21-23). When asked, "[w]as there anything broken or defective about the drill that you were using before the accident occurred?", plaintiff replied, "[j]ust the fact it didn't have a handle" (id. at 25, lines 4-7). Plaintiff further testified that the tools were kept in various gang boxes[1] around the jobsite, and that Vic Harris, the general foreman, told him to go see Tim, another foreman, and use a drill from Tim's gang box (see id.

---

[1] A "gang box" is a colloquial term for a toolbox or workbox that can be accessed by multiple workers.

**153200/2018  PARK v FIFTY-SEVEN AVE. INVS., LLC et al.**                    **Page 1 of 6**
**Motion No.  002**

at 26, lines 3-7; at 26, lines 12-13). When asked, "[d]id you go to speak with Tim before obtaining the drill?", plaintiff replied, "[w]hen there was no handle, I said, Tim, where's the handle to this. And his answer was – he shrugged his shoulders" (id. at 27, lines 11-17). Plaintiff further testified that there was no other drill in that gang box, and that he did not ask anyone else if he could use a drill from a different gang box as he had been told to get the drill out of Tim's box (id. at 27, lines 20-22; at 28, lines 5-10). When asked, "[d]id you ever tell Vic Harris before the accident occurred that the drill from Tim's gang box was missing a handle?", plaintiff replied, "[y]es, [that was] the very first thing I told him" and that "Vic responded with hey, just get started and I'll find you a handle" (id. at 28, lines 11-17). Plaintiff further testified that if the drill had been equipped with an extension handle, the drill would have been stabilized, and his wrist would not have torqued (see id. at 31, lines 7-12).

Fifty-Seven further submits the deposition of non-party Patrick Morris, a field superintendent for MHS, plaintiff's employer, who worked on the jobsite where plaintiff was injured (see Liferiedge affirmation, exhibit Q, Morris tr at 7, lines 5-10; at 16, lines 16-18). When asked, "[t]he type of drill that's used to drill a five-eighths inch hole, would they have an extension handle on it?", Mr. Morris replied, "[y]es" (id. at 35, lines 7-10). When asked, "did any of the drills that you saw that MHS had on this job site either prior to September 13, 2017[,] or on that date, did any of those drills have extension handles?", Mr. Morris replied, "[y]es" (id. at 35, lines 19-23).

Fifty-Seven further submits its lease with FedEx (see NYSCEF doc no. 57) (hereinafter lease). As is relevant here, the lease's "Landlord's Indemnification" provision states that "[Fifty-Seven] agrees to indemnify, defend and hold [FedEx], its shareholders, directors, officers, contractors and employees, harmless from and against any and all losses . . . arising out of . . . any injury to, or death of, persons . . . on or about the [p]remises . . . and attributable to the negligence or misconduct of [Fifty-Seven], or its officers, employees, agents, contractors or invitees, except to the extent any such breach . . . is attributable to the negligence or misconduct . . . by [FedEx]" (id. at 22). The "Tenant Indemnification" provision states that "[FedEx] agrees to indemnify, defend and hold [Fifty-Seven], its members, managers, officers and employees, harmless from and against any and all [l]osses, arising out of . . . any breach of any warranty or representation or any covenant or agreement of [FedEx] under this Lease . . . or any injury to . . . persons . . . on the [p]remises, except to the extent any such [l]osses are attributable to the negligence or misconduct of [l]andlord" (id.).

Fifty-Seven further submits its contract with Aurora (see NYSCEF doc no. 58) (hereinafter contract). As is relevant here, the contract's indemnification provision states that "[t]o the fullest extent permitted by law, [Aurora] shall indemnify and hold harmless [Fifty-Seven] . . . from and against claims, damages, losses, and reasonable expenses . . . arising out of or resulting from performance of the Work . . . but only to the extent caused by the negligence acts or omissions of [Aurora] . . . unless such claim, damage, loss or expense is caused solely by a party indemnified hereunder" (id. at 22).

Plaintiff and FedEx both submit opposition to the motion. As is relevant here, plaintiff states that it "withdraws its claims as to Labor Law §§ 240(1) and 200 as against Fifty-Seven and withdraws all Industrial Code claims except for Industrial Code §§ 23-1.5(c) and 23-9.2(a)"

153200/2018   PARK v FIFTY-SEVEN AVE. INVS., LLC et al.
Motion No. 002

Page 2 of 6

[* 2]

(Levien affirmation ¶ 3). Plaintiff further argues that the evidence submitted establishes violations of 12 NYCRR § 23-1.5(c)(3) and 12 NYCRR § 23-9.2(a) (see id. ¶ 20). FedEx argues that Fifty-Seven is not free from liability to plaintiff for the accident and is thus not entitled to contractual indemnification (see Heller affirmation ¶ 10).

## DISCUSSION

To succeed on a motion for summary judgment, the movant must "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985], citing Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad at 853).

Once the movant's prima facie showing has been made, the burden shifts to the opposing party to establish the existence of a material issue of fact sufficient to require a trial (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]). An opposing party's "mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient" to defeat a movant's summary judgment motion (Siegel v City of New York, 86 AD3d 452, 455 [1st Dept 2011], quoting Zuckerman at 562).

I.     *12 NYCRR § 23-1.5(c)(3)*

Fifty-Seven's sole argument for dismissal of 12 NYCRR § 23-1.5(c)(3) as a Labor Law § 241(6) predicate is that it is a general directive and an insufficient predicate for Labor Law § 241(6) liability. Yet the Appellate Division, First Department recently held that 12 NYCRR § 23-1.5(c)(3) is in fact a "sufficiently specific safety standard to support a Labor Law § 241(6) claim" (Desprez v United Prime Broadway, LLC, 225 AD3d 518, 518-19 [1st Dept 2024]). Under the circumstances, and considering plaintiff's arguments in opposition that the evidence establishes that Fifty-Seven has violated 12 NYCRR § 23-1.5(c)(3), the court will search the record and analyze the merits of the predicate based on the evidence submitted as to whether the submission eliminates all genuine issues of material fact (see CPLR 3212[b] ["if it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion"]).

12 NYCRR § 23-1.5(c)(3) states that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged." In Becerra v Promenade Apartments Inc. (126 AD3d 557, 558 [1st Dept 2015]), the plaintiff was injured when a foreman provided him with an angle grinder that did not have a safety guard and instructed him to perform certain work with the angle grinder despite the absence of a safety guard. In reversing the Supreme Court's grant of the defendants' motion to dismiss the plaintiff's Labor Law § 241(6) claim as predicated on a violation of 12 NYCRR § 23-1.5(c)(3), the Appellate Division, First Department held that, "as long as such angle grinders were ordinarily or originally provided with safety guards", 12 NYCRR § 23-1.5(c)(3) provides a basis for liability under Labor Law § 241(6) (id. at 559; see also Contreras v 3335 Decatur Ave. Corp., 173 AD3d 496, 497 [1st Dept 2019]).

[* 3]

Further, in Desprez, the Appellate Division, First Department reversed the Supreme Court's grant of the defendants' motion to dismiss the plaintiff's Labor Law § 241(6) claim as predicated on a violation of 12 NYCRR § 23-1.5(c)(3) where the plaintiff complained to his supervisor that the tool he was using shook and lacked a guard (at 518-519). The First Department held that the plaintiff's complaints to his supervisor constituted notice of a defect in the tool, as "the owner and general contractor bear the ultimate responsibility for safety practices at building construction sites even where they do not control or supervise the worksite" (id. at 519).

Here, plaintiff testified that the drill he was using at the time of his accident did not have an extension handle, and that if it had, his wrist would not have sustained injury. Further, Mr. Morris testified that the type of drill plaintiff was using at the time of his accident would normally have an extension handle on it, and that there were drills with extension handles on them at the jobsite. Based on the foregoing the court finds that there is no issue of fact as to that Fifty-Seven violated 12 NYCRR § 23-1.5(c)(3). As such, plaintiff is entitled to summary judgment on the issue of liability on the Labor Law 241(6) cause of action as predicated on a violation of 12 NYCRR § 23-1.5(c)(3).

## II. *12 NYCRR § 23-9.2(a)*

Fifty-Seven's sole argument for dismissal of 12 NYCRR § 23-9.2(a) as a Labor Law § 241(6) predicate is that it does not apply to the facts of this case. Again, under the circumstances, and considering plaintiff's arguments in opposition that the evidence establishes that Fifty-Seven has violates 12 NYCRR § 23-9.2(a), the court will search the record and analyze the merits of the predicate based on the evidence submitted as to whether the submission eliminates all genuine issues of material fact.

12 NYCRR § 23-9.2(a) states, in pertinent part, that "[a]ll power-operated equipment shall be maintained in good repair and in proper operating condition at all times. Sufficient inspections of adequate frequency shall be made of such equipment to insure such maintenance. Upon discovery, any structural defect or unsafe condition in such equipment shall be corrected by necessary repairs or replacement." In Nicholson v Sabey Data Ctr. Properties, LLC (205 AD3d 620, 621 [1st Dept 2022]), the Appellate Division, First Department held that the plaintiff's testimony that a pallet jack had not been working raised a genuine issue of material fact as to a violation of 12 NYCRR § 23-9.2(a). Regarding notice, the First Department stated "that . . . defendants did not have actual or constructive notice of the defect does not absolve them of liability, where plaintiff testified that he had given his employer actual notice" (id.).

Similarly, in Misicki v Caradonna (12 NY3d 511, 521 [2009]), where the plaintiff alleged that he was injured due to there being no side handle available for his grinder, and that he complained to his supervisor about the missing handle, the Court of Appeals reversed the Appellate Division, Second Department's grant of the defendant's motion for summary judgment on the plaintiff's Labor Law § 241(6) cause of action. The Court of Appeals held that "an employee who claims to have suffered injuries proximately caused by a[n] . . . unsafe condition affecting an item of power-operated heavy equipment or machinery has stated a cause of action

[* 4]

under Labor Law § 241(6) based on an alleged violation of 12 NYCRR § 23–9.2(a)" (id.; see also Viruet v Purvis Holdings LLC, 198 AD3d 587, 588 [1st Dept 2021]).

Here, plaintiff testified that the drill he was using at the time of his accident did not have an extension handle, that he informed two foremen of the defective condition of the drill, and that one of the foremen told him to "just get started" (Lieferiedge affirmation, exhibit G, plaintiff tr at 28, lines 15-17). Based on the foregoing the court finds that there is no issue of fact as to that Fifty-Seven violated 12 NYCRR § 23-9.2(a). As such, plaintiff is entitled to summary judgment on the issue of liability on the Labor Law 241(6) cause of action as predicated on a violation of 12 NYCRR § 23-9.2(a).

III.     *Cross Claims Asserted Against Fifty-Seven*

As is relevant here, FedEx and Aurora have each asserted common-law indemnification, contribution, negligence, contractual indemnification, and failure to procure insurance cross-claims against Fifty-Seven.

As a preliminary matter, Fifty-Seven has demonstrated prima facie entitlement to the dismissal of the failure to procure insurance cross claims as asserted against it, as there is no requirement in the lease or contract submitted for Fifty-Seven to procure insurance. Rather, the lease and the contract obligate FedEx and Aurora to obtain certain insurance.

Similarly, Fifty-Seven has demonstrated prima facie entitlement to summary judgment dismissing the contractual indemnification cross claim of Aurora as asserted against it, as there is no requirement in the contract submitted that Fifty-Seven indemnify Aurora. Rather, the only indemnification provision in the contract requires Aurora to indemnify Fifty-Seven.

Yet Fifty-Seven has not demonstrated prima facie entitlement to the dismissal of FedEx's contractual indemnification cross claim as asserted against it. The lease requires Fifty-Seven to indemnify FedEx against any losses arising out of injury to a person attributable to the negligence of Fifty-Seven. As previously found, Fifty-Seven is liable to plaintiff under Labor Law § 241(6). As such, Fifty-Seven is not entitled to dismissal of FedEx's contractual indemnification cross claim as asserted against it.

Regarding the common-law indemnification, contribution, and negligence cross claims as asserted against Fifty-Seven, a party demonstrates entitlement to the dismissal of cross-claims as asserted against it for common-law indemnification and contribution by showing that it is "free from negligence" (Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]). Here, again the court has found that Fifty-Seven is not free from negligence. As such, Fifty-Seven is not entitled to the dismissal of the common-law indemnification, contribution, and negligence cross claims as asserted against it.

Lastly, as Fifty-Seven does not address FedEx's breach of contract cross claim as asserted against it in the moving papers, nor submit any evidence to demonstrate that there is no issue of fact as to that Fifty-Seven did not breach any lease provision, Fifty-Seven has failed to

153200/2018   PARK v FIFTY-SEVEN AVE. INVS., LLC et al.
Motion No.  002

Page 5 of 6

demonstrate prima facie entitlement to the dismissal of FedEx's breach of contract claim as asserted against it.

IV.     *Fifty-Seven's Contractual Indemnification Cross Claim Asserted Against FedEx*

The extent to which an owner or general contractor is entitled to indemnification from a subcontractor depends on the language of the contract and the extent to which the owner or general contractor's negligence is determined to have contributed to the accident (see Winkler v Halmar Intl., LLC, 206 AD3d 458, 461 [1st Dept 2022]). Where a defendant fails to establish that they were free from negligence, they are not entitled to contractual indemnification (see Jackson v Manhattan Mall Eat LLC, 111 AD3d 519, 520 [1st Dept 2013]). As the court has found that Fifty-Seven is not free from negligence, Fifty-Seven is not entitled to summary judgment on its contractual indemnification cross claim as asserted against FedEx.

## CONCLUSION

Accordingly, it is

ORDERED that the motion is granted to the extent that it is

ORDERED that the contractual indemnification cross claim by Aurora and the failure to procure insurance cross claims by Aurora and FedEx as asserted against Fifty-Seven are dismissed; and it is further

ORDERED that plaintiff's Labor Law §§ 240(1), 200, and common-law negligence causes of action are dismissed, there being no opposition submitted as to these causes of action, and plaintiff having waived these causes of action in its moving papers; and it is further

ORDERED that the motion is otherwise denied; and it is further

ORDERED that, on a search of the record, plaintiff is granted summary judgment on the Labor Law § 241(6) cause of action as predicated on violations of 12 NYCRR § 23-1.5(c)(3) and 12 NYCRR § 23-9.2(a); and it is further

ORDERED that, within five days of entry, each party shall serve a copy of this order with notice of entry on every other parties.

The foregoing constitutes the decision and order of the court.

_____5/13/2024_____
DATE

_____
ERIC SCHUMACHER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153200/2018   PARK v FIFTY-SEVEN AVE. INVS., LLC et al.**
**Motion No.  002**

**Page 6 of 6**